**LITE DEPALMA GREENBERG, LLC**

Newark • Chicago

TWO GATEWAY CENTER, 12TH FLOOR
NEWARK, NJ 07102

TEL: 973.623.3000
FAX: 973.623.0858
www.litedepalma.com

May 3, 2011

**VIA ECF & FACSIMILE**
Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Room 6052
Trenton, NJ 08608

Re:   AstraZeneca AB; Aktiebolaget Hässle; AstraZeneca LP; KBI Inc.; and KBI-E Inc. vs. Hanmi USA, Inc., Hanmi Pharmaceutical Co., Ltd., Hanmi Fine Chemical Co., Ltd, and Hanmi Holdings Co., Ltd.
      **Civil Action No.: 11-0760(JAP)(TJB)**

Dear Judge Bongiovanni:

This firm, along with Sughrue Mion, PLLC, represents the Hanmi Defendants in the above-captioned matter. We write regarding the Rule 16 Conference held last Thursday, April 28, 2011.

We appreciate the Court's decision that the Local Patent Rules, as amended March 18, 2011, are applicable to this case. The first portion of Hanmi's proposed schedule (see April 11, 2011 Joint Discovery Plan (no D.I. number available), page 19) tracks the amended rules, beginning with Plaintiffs' disclosure of asserted claims on May 5th, Defendants' contentions on May 12th, etc. However, we reiterate Hanmi's strong desire to slightly advance the amended rules' schedule so as to participate in the *Markman* track set in *AstraZeneca v. Sandoz*, Civil Action No. 09-199 (D.I. 61, April 14, 2011), and issued simultaneously by Your Honor's Letter Order in *AstraZeneca v. Lupin*, Civil Action No. 09-5404 and *AstraZeneca v. Sun Pharma*, Civil Action No. 10-1017. The common schedule for these three cases was set very shortly after the parties here submitted their Joint Discovery Plan in the instant case.

This case involves AstraZeneca's '192 and '504 patents. The '192 patent also is at issue in each of the *Sandoz*, *Lupin* and *Sun* cases, while the '504 patent also is at issue in the *Sandoz* and *Lupin* cases. Beginning with the submission of the Joint Claim Construction and Prehearing Statement,

276911 v1



Honorable Tonianne J. Bongiovanni, U.S.M.J.
May 3, 2011
Page 2

Hanmi's proposed schedule here is only about two weeks behind that set by Your Honor's Letter Order in the other cases:

| ACTION | SANDOZ/LUPIN/SUN April 14, 2011 Order | HANMI PROPOSAL |
| --- | --- | --- |
| Parties Submission of Joint Claim Construction and Prehearing Statement (L.Pat.R. 4.3) | July 1, 2011 | July 18, 2011 |
| Parties' Completion of Claim Construction Discovery (L.Pat.R. 4.4) | August 1, 2011 | August 17, 2011 |
| Parties' Opening *Markman* Submissions (L.Pat.R. 4.5(a)) | August 15, 2011 | September 1, 2011 |
| Parties' Completion of *Markman* Expert Discovery (L.Pat.R. 4.5(b)) | September 14, 2011 | October 3, 2011 |
| Parties' Responding *Markman* Submissions (L.Pat.R. 4.5(c)) | October 14, 2011 | October 31, 2011 |
| Parties' Proposed Schedule for Claim Construction Hearing (L.Pat.R. 4.6) | October 28, 2011 | November 14, 2011 |

In entering the Rule 16 Order, Hanmi respectfully asks the Court to adopt the July 1st to October 28th deadlines already set in the *Sandoz/Lupin/Sun* cases, for the same events to take place in the instant case. Given that it is the same patentee and same patents at issue, any burden of slightly accelerating the *Markman* track here falls solely on Hanmi -- a burden that Hanmi will gladly accept. Certainly, it would be contrary to the interests of judicial economy for the Court to receive multiple sets of *Markman* submissions only weeks apart, and to hold multiple *Markman* hearings on the same patents within a short time of each other. Moreover, it would be unfair and prejudicial to Hanmi for the Court to permit claim construction proceedings to occur on common patents-in-suit without an opportunity for Hanmi to be heard.

AstraZeneca's only apparent objection to Hanmi's proposed schedule is the pendency of its fully-briefed motion to dismiss certain invalidity defenses. However, regardless of its merits, the motion is not dispositive and has nothing to do with Hanmi's non-infringement defenses or its request to join the *Markman* schedule of the parallel cases. Moreover, the pendency of a virtually identical motion filed on March 28, 2011 by AstraZeneca in the Sun case (D.I. 91 in Civ. No. 10-1017) did not prevent that case from moving forward as required by the Federal and Local Civil Rules. It would be



Honorable Tonianne J. Bongiovanni, U.S.M.J.
May 3, 2011
Page 3

inequitable to hold Hanmi hostage to the AstraZeneca motion here, while permitting a similarly situated Hatch-Waxman defendant to proceed in the parallel case.

      We appreciate the Court's consideration of this request and are available to answer any questions the Court may have.

Respectfully,

Allyn Z. Lite

AZL:emp

cc:    All Counsel of Record (via ECF)

276911 v1