**LITE DEPALMA GREENBERG, LLC**
Allyn Z. Lite
Michael E. Patunas
Mayra V. Tarantino
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 877-3872
alite@litedepalma.com
mpatunas@litedepalma.com
mtarantino@litedepalma.com

*Attorneys for Defendants Hanmi USA, Inc., Hanmi Pharmaceutical Co., Ltd., Hanmi Fine Chemical Co., Ltd., and Hanmi Holdings Co., Ltd.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, KBI INC., and KBI-E INC.,<br>    Plaintiffs and<br>    Counterclaim Defendants,<br><br>v.<br><br>HANMI USA, INC., HANMI PHARMACEUTICAL CO., LTD., HANMI FINE CHEMICAL CO., LTD, and HANMI HOLDINGS CO., LTD.,<br><br>    Defendants and<br>    Counterclaim Plaintiffs. | Civil Action No. 3:11-CV-00760-JAP-TJB |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT NO. 5: NON-INFRINGEMENT OF UNASSERTED CLAIMS OF U.S. PATENT NO. 5,714,504**

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION AND BRIEF SUMMARY | 1 |
| II. | ARGUMENT | 1 |
| | A. Claims 8 And 9 Are Not Infringed And AstraZeneca Does Not Contend Otherwise | 1 |
| | B. Claims 3, 5 And 10 | 2 |
| III. | CONCLUSION | 2 |

Defendants Hanmi USA, Inc., Hanmi Pharmaceutical Co., Ltd., Hanmi Fine Chemical Co., Ltd. and Hanmi Holdings Co., Ltd. (collectively "Hanmi") respectfully submit this Memorandum in Support of their Motion for Summary Judgment No. 5: Non-infringement of Unasserted Claims of U.S. Patent No. 5,714,504 ("the '504 patent") in this Hatch-Waxman patent infringement action brought by Plaintiffs AstraZeneca AB, Aktiebolaget Hässle, AstraZeneca LP, KBI Inc. and KBI-E Inc. (collectively "AstraZeneca" or "plaintiffs").

## I. INTRODUCTION AND BRIEF SUMMARY

This motion is straightforward, based on undisputed facts, and is ripe for summary judgment.

The '504 patent contains ten claims. SOF ¶ 12. In its May 18, 2011 Disclosure of Asserted Claims, AstraZeneca asserted that Hanmi would infringe five of them □ claims 1, 2, 4 and 6-7. SOF ¶5.[1] Hanmi requested a covenant not to sue with respect to the unasserted claims, but AstraZeneca rejected Hanmi's request. SOF ¶ 7.

AstraZeneca belatedly sought to assert three additional claims of the '504 patent, claims 3, 5 and 10, via Motion to Amend Their Disclosure of Asserted Claims filed August 8, 2011. D.I. 81-82. Hanmi opposed on August 22, 2011 (D.I. 86), and the motion is pending. SOF ¶ 8.

## II. ARGUMENT

### A. Claims 8 And 9 Are Not Infringed And AstraZeneca Does Not Contend Otherwise

AstraZeneca has not ever asserted claims 8 or 9 against Hanmi, yet refuses to grant a covenant not to sue (SOF ¶¶ 6, 7), thus necessitating the instant motion. The reason claims 8 and 9 were not asserted is clear □ unlike the other claims of the '504 patent which require a *salt* form

---

[1] "SOF" refers to the contemporaneously filed Local Rule 56.1 Statement of Undisputed Material Facts in Support of Defendants' Motions for Summary Judgment Nos. 3-5 for Invalidity and Non-infringement of United States Patent No. 5,714,504.

of (-)-omeprazole, claims 8 and 9 are method claims which call for administration of the *free base* form of (-)-omeprazole. SOF ¶ 12. Hanmi's proposed product contains (-)-omeprazole strontium, which is a salt. SOF ¶ 2.

There being no factual or legal basis that would support a charge of infringement of claims 8 and 9, and since no timely assertion of such a charge was made by AstraZeneca, summary judgment of non-infringement should be granted.

### B.   Claims 3, 5 And 10

Hanmi's position as to claims 3, 5 and 10 is contingent on the Court's denial of AstraZeneca's motion to belatedly assert these claims. *See* D.I. 81-82 and Hanmi's opposition at D.I. 86. Should the Court not grant AstraZeneca's motion, claims 3, 5 and 10 will be out of the case and summary judgment of non-infringement would be in order on the grounds that Hanmi's strontium salt product is outside the scope of those claims, which are directed to different salts.[2]

### III.   CONCLUSION

AstraZeneca was obligated to make its infringement allegations in May 2011. As to any claims of the '504 patent AstraZeneca chose not to assert, Hanmi should not have to incur further business uncertainty. Accordingly, Hanmi respectfully requests that the Court enter judgment finding no infringement of claims 8 and 9, and contingently asserted claims 3, 5 and 10, of the '504 patent for the reasons set forth herein.

Dated: October 11, 2011                          **LITE DEPALMA GREENBERG, LLC**

---

[2] Should the Court grant AstraZeneca's pending motion, Hanmi will contest infringement and validity of claims 3, 5 and 10 on the merits. Hanmi notes that if AstraZeneca's pending motion is granted, claims 3, 5 and 10 of the '504 patent would be subject to the same grounds of invalidity asserted against claims 1, 2, 4 and 6-7 in each of Hanmi's concurrently filed Motions for Summary Judgment Nos. 3 and 4.

<u>s/Mayra V. Tarantino</u>
Allyn Z. Lite
Michael E. Patunas
Mayra V. Tarantino
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 877-3872
alite@litedepalma.com
mpatunas@litedepalma.com
mtarantino@litedepalma.com

*Of Counsel:*
**SUGHRUE MION, PLLC**
Mark Boland
Michael R. Dzwonczyk
Renita S. Rathinam
2100 Pennsylvania Ave., NW
Washington, DC 20037-3213
Telephone: (202) 293-7060
Facsimile: (202) 293-7860
mboland@sughrue.com
mdzwoncyzk@sughrue.com
rrathinam@sughrue.com

**SUGHRUE MION, PLLC**
John B. Scherling
4250 Executive Square
Suite 900
La Jolla, CA 92037
Telephone: (858) 795-1180
Facsimile: (858) 795-1199
jscherling@sughrue.com

*Attorneys for Defendants and Counterclaim-Plaintiffs, Hanmi USA, Inc., Hanmi Pharmaceutical Co., Ltd., Hanmi Fine Chemical Co., Ltd., and Hanmi Holdings Co., Ltd.*

3

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2011, I caused a copy of the foregoing DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT NO. 5: NON-INFRINGEMENT OF UNASSERTED CLAIMS OF U.S. PATENT NO. 5,714,504 to be served upon the following counsel through the Court's ECF system and via mail:

John E. Flaherty, Esq.
McCARTER & ENGLISH
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
jflaherty@mccarter.com

Henry J. Renk
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2250
HRenk@fchs.com

Errol B. Taylor
Fredrick M. Zullow
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005-1413
(212) 530-5000
ETaylor@milbank.com
FZullow@milbank.com

By: *s/Mayra V. Tarantino*