**LITE DePALMA**
**GREENBERG, LLC**

Newark • Chicago

TWO GATEWAY CENTER, SUITE 1201
NEWARK, NJ 07102

TEL: 973.623.3000
FAX: 973.623.0858
www.litedepalma.com

October 19, 2011

**VIA ECF**
Honorable Joel A. Pisano, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Room 6052
Trenton, NJ 08608

Re:   AstraZeneca AB; Aktiebolaget Hässle; AstraZeneca LP; KBI Inc.; and KBI-E
      Inc. vs. Hanmi USA, Inc., Hanmi Pharmaceutical Co., Ltd., Hanmi Fine
      Chemical Co., Ltd, and Hanmi Holdings Co., Ltd.
      Civil Action No.: 11-0760(JAP)(TJB)

Dear Judge Pisano:

This firm, along with Sughrue Mion, PLLC, represents the Hanmi Defendants ("Hanmi") in the above-captioned matter. I write to respond to today's letter request (D.I. 120) to the Court to adjourn Hanmi's pending motions for summary judgment. Plaintiffs never raised with Hanmi any of the issues alluded to in their letter, much less requested a meet and confer. Rather, Plaintiffs simply waited until five days before their oppositions are due to request a scheduling conference with the Court – in effect a request to make an oral motion to delay the summary judgment proceedings. Plaintiffs' improper request should be denied.

Rule 1 of the Federal Rules of Civil Procedure provides that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." This Court has adopted Local Civil Rule 1.1(b) (These Rules . . . **shall be construed** . . . to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.") (Emphasis added)  In line with these directives, "a party may file a motion for summary judgment **at any time** until 30 days after the close of discovery." F.R.Civ.P. 56(b) (emphasis added).  Neither the Federal Rules nor Local Civil Rules provide for an unspecified adjournment of filed motions for summary judgment as requested by Plaintiffs.  Rather, if a party opposing summary judgment legitimately believes "that, for **specified reasons**, it cannot present facts **essential** to justify its opposition," that party is to make the requisite showing "by affidavit or declaration." F.R.Civ.P. 56(d) (emphasis added).  Plaintiffs' letter, however, identifies no "specified reasons" showing any supposed need for any discovery, "essential" or otherwise, and is not accompanied by the requisite affidavit or declaration. *See Radich v. Goode*, 886 F.2d 1391, 1394 (3rd

294189 v1



Honorable Joel A. Pisano, U.S.D.J.
October 19, 2011
Page 2


Cir. 1989) (opposing attorney's unverified memorandum not sufficient). *See also Spectra Corp. v. Lutz*, 839 F.2d 1579, 1581 & n.4 (Fed. Cir. 1988); *Pure Gold, Inc. v. Syntex (U.S.A.), Inc.*, 739 F.2d 624, 626-27 (Fed. Cir.1984).

Plaintiffs failed to make any showing as required by the Federal Rules to delay resolution of the pending motions, and have never requested any discovery from Hanmi in this regard. In fact, the focus of the pending motions is on (a) the asserted patents, (b) their file histories, (c) Hanmi's FDA submissions, (d) a single prior art reference and (e) the law – all of which Plaintiffs have had for months. If Plaintiffs truly had a need for discovery or additional time to oppose the motions, they promptly should have raised such need with Hanmi, not in a letter request to the Court five days before their oppositions are due.

Plaintiffs also vaguely suggest that issues relating to claim construction should be addressed before the pending summary judgment motions. That suggestion is wrong. As the filed summary judgment motions make clear, they are focused on isolated issues concerning undisputed and previously-construed terms.[1] Thus, the motions are narrowly tailored to dispose of the case without the need for addressing any claim construction issues.

"[S]ummary judgment is as appropriate in a patent case as in any other," when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Avia Group Int'l, Inc. v. L.A. Gear Calif., Inc.*, 853 F.2d 1557, 1561 (Fed. Cir. 1988) (quoting *Spectra*, 839 F.2d at 1581 n.6). And, as Federal Circuit Chief Judge Rader made clear last month in presenting the new E-Discovery Committee Model Order, increased use of summary judgment is an effective tool in improving and reducing the cost of patent litigation. *See,* http://www.patentlyo.com/patent/2011/09/rader-patent-litigation.html.

---

[1] Numerous terms from each of the two patents-in-suit were previously construed by this Court in *AstraZeneca v. Dr. Reddy's Laboratories, Ltd., et al*, 05-5553 (JAP), and the parties here have adopted many of those constructions here (Joint Claim Construction and Prehearing Statement (D.I. 92)). Hanmi's Motion No. 1 seeks a judgment of non-infringement of most claims of the '192 patent based on the absence of specific, previously construed claim limitations. Motion No. 2 seeks a judgment of invalidity of the handful of the remaining claims of the '192 patent, based on the Court's previous claim constructions. Motion No. 3 seeks a judgment of invalidity of the asserted claims of the '504 patent based on their inclusion of the term "solid state," which was previously construed by the Court. Motion No. 4 is based on the non-described and non-enabled scope of the '504 patent claims, and raises no issues of claim construction. Motion No. 5 seeks a judgment of non-infringement of unasserted claims of the '504 patent, necessitated by Plaintiffs' refusal to agree to a covenant not to sue, which by definition cannot raise any claim construction issues because those claims are not part of the case.



Honorable Joel A. Pisano, U.S.D.J.
October 19, 2011
Page 3

      The Federal Rules of Civil Procedure and Local Civil Rules must trump Plaintiffs' request to delay the resolution of the pending summary judgment motions. A decision on those motions can resolve this case in its entirety before the parties and the Court needlessly waste even more resources on discovery and other unnecessary litigation.  The Court should reject Plaintiffs' last-minute attempt to delay, permit the briefing on the summary judgment motions to go forward as scheduled and deny Plaintiffs' letter request.

Respectfully,

Allyn Z. Lite

AZL:emp

cc:    Honorable Tonianne J. Bongiovani (via ECF & Facsimile)
      All Counsel of Record (via ECF)