UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

March 1, 2012

**LETTER ORDER**

Re:   AstraZeneca AB, et al. v. Hanmi USA, Inc., et al.
      Civil Action No. 11-760 (JAP)

Dear Counsel:

Pending before the Court are AstraZeneca's requests that the Court (1) strike from Hanmi's Responsive *Markman* submissions certain newly-cited evidence that AstraZeneca alleges should have been, but was not, disclosed earlier, or, in the alternative, permit AstraZeneca to respond to the newly-cited evidence prior to the *Markman* hearing; and (2) strike new invalidity contentions allegedly raised by Hanmi related to claims other than 3, 5 and 10 of the '504 patent. The Court has reviewed the briefing submitted by AstraZeneca and Hamni in support of an in opposition to AstraZeneca's requests. AstraZeneca's requests are granted in part and denied in part.

With respect to the first request, the Court agrees with AstraZeneca that Hanmi's Responsive *Markman* submissions contain new evidence not previously relied upon by Hamni. Specifically, Hanmi's Responsive *Markman* submissions include ten new exhibits as well as the supplemental declaration of Dr. Atwood discussing said exhibits. While Hanmi argues that said evidence was properly raised to rebut new evidence and claim construction theories advanced by AstraZeneca for the first time in AstraZeneca's Opening *Markman* submissions, the Court finds that AstraZeneca appropriately identified their claim construction theories and extrinsic evidence when they

exchanged their preliminary claim constructions and extrinsic evidence on August 15, 2011 pursuant to L.Pat.R. 4.2.  Nevertheless, given the nuances in the parties' *Markman* submissions, the Court finds AstraZeneca's request to strike too harsh a remedy.  As a result, the Court denies same, but shall give AstraZeneca the opportunity to respond to the new evidence included in Hanmi's Responsive *Markman* submissions.  AstraZeneca's response is due no later than **March 19, 2012**.

With respect to AstraZeneca's second request, the Court finds that certain of the amendments made by Hanmi to their Invalidity Contentions, namely those related to claims 1, 2, 4, 6 and 7 of the '504 patent (*i.e.*, the claims originally asserted by AstraZeneca), should have been preceded by a motion to amend made pursuant to L.Pat.R. 3.7.  While Hanmi claims that said amendments were either necessitated by the Court's Order concerning claims 3, 5 and 10 of the '504 patent and/or made to conform the Supplemental Non-Infringement and Invalidity Contentions to the current case record, the Court finds that the contentions at issue were not contemplated by the Court's prior Order and should have been made only after a timely application granted by the Court.  *See* L.Pat.R. 3.7.  Nevertheless, the Court shall not strike these contentions as requested by AstraZeneca.  Instead, while Hanmi should have sought the Court's permission before making the amendments represented in the contested contentions, in the interest of judicial economy and in order to conserve the parties' resources, given the thoroughness of the record before It, after reviewing same, the Court shall permit Hanmi's Supplemental Non-Infringement and Invalidity Contentions to stand.  AstraZeneca is directed to submit a complete response to same no later than **March 19, 2012**.

      **IT IS SO ORDERED.**

s/Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**
