

LITE DEPALMA
GREENBERG, LLC

Newark • Chicago • Philadelphia

TWO GATEWAY CENTER, SUITE 1201
NEWARK, NJ 07102

TEL: 973.623.3000
FAX: 973.623.0858
www.litedepalma.com

September 25, 2012

**VIA ECF & FEDERAL EXPRESS**

Honorable Tonianne J. Bongiovanni, U.S.M.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

   Re: *AstraZeneca AB, et al. v. Hanmi USA, Inc., et al.*
     **Civil Action No. 11-cv-0760 (JAP)(TJB)**

Dear Judge Bongiovanni:

  This firm, along with Sughrue Mion, PLLC, represents the Hanmi Defendants ("Hanmi") in the above-captioned matter. Hanmi respectfully submits this letter request to require AstraZeneca to produce for deposition two individuals whom AstraZeneca apparently intends to present as witnesses in support of its case solely by way of deposition testimony from prior litigations. Hanmi was not a party to those litigations, was not present at and did not have the opportunity to examine these witnesses at the prior depositions.

  If AstraZeneca will not or cannot produce the witnesses for deposition in the present case, AstraZeneca should not be permitted to use at trial the previous deposition testimony of these witnesses; thus, to the extent AstraZeneca urges that the parties' July 24, 2012 Stipulation and Order Regarding Depositions (D.I. 232) (Exhibit C hereto) permits use of those depositions regardless of Hanmi's right of cross-examination, its arguments should be rejected. As set forth below and in the attached exhibits, the parties have conferred extensively about this issue and been unable to reach a resolution.

  The July 24 Stipulation and Order, prepared and requested by AstraZeneca, provides that 16 transcripts of the depositions of five individuals taken in three previous actions "may be used by any party in the present action against any other party in the present action to the extent they would be admissible under the Federal Rules of Evidence if the deponents were present and testifying." AstraZeneca requested Hammi's agreement to the Stipulation in order to avoid re-deposing the named individuals on subject matter already explored in the prior depositions and about which Hanmi takes no issue. Hanmi agreed to the Stipulation with the understanding that the five individuals would be made available for cross-examination in the present case and most certainly with the expectation that the Stipulation would not serve to abrogate any otherwise applicable Federal Rule of Evidence and/or Civil Procedure.

332229.1



Honorable Tonianne J. Bongiovanni, U.S.M.J.
September 25, 2012
Page 2

Hanmi was not a party to any of the previous three litigations; accordingly, Hanmi did not have an opportunity to cross-examine the witnesses at the depositions that are the subject of the July 24 Stipulation and Order. That Stipulation and Order does not state that Hanmi was relinquishing its right to cross-examine these witnesses prior to their deposition testimony being introduced at trial in this matter, and Hanmi had no intention doing so, as specifically explained to AstraZeneca in the course of negotiating the Stipulation and repeatedly raised by Hanmi upon realizing AstraZeneca had a different understanding. *See* Exhibit A (June 8, 2012 letter from Rathinam to Haas); Exhibit D (August 29, 2012 letter from Rathinam to Rothman); Exhibit F (September 4, 2012 letter from Rathinam to Rothman); Exhibits H and I (September 6, 2012 letters from Rathinam to Rothman). In fact, Hanmi's June 8 letter to Defendants makes clear that "Hanmi [did] not intend to forego its right to depose the named individuals." (Exhibit A).

Rather, the purpose of the agreement was to permit the use of the previous deposition testimony so the parties would not have to "retread old ground with previous deponents" (Exhibit A (June 8, 2012 letter from Rathinam to Haas)), saving the parties time and expense in preparing for trial. In fact, although now backtracking from its agreement, AstraZeneca previously agreed not only to produce party witnesses, but to produce them for deposition in the United States.[1] *See* Exhibit B (July 23, 2012 letter from Haas to Boland). Accordingly, the parties (or at least Hanmi) understood that depositions of these witnesses still would go forward in that manner so Hanmi would have an opportunity to cross-examine the witnesses before the transcripts would be admitted, with the depositions being limited to issues unique to Hanmi's case. *See* Exhibit A (June 8, 2012 letter from Rathinam to Haas); Exhibit D (August 29, 2012 letter from Rathinam to Rothman); Exhibit F (September 4, 2012 letter from Rathinam to Rothman); Exhibits H and I (September 6, 2012 letters between Rathinam and Rothman).

Depositions of three of the five witnesses included in the July 24 Stipulation and Order are in the process of being scheduled.

The July 24 Stipulation and Order was not presented by the parties in lieu of or for purposes of abrogating Federal Rules of Evidence and Civil Procedure. AstraZeneca, however, now seeks to use that Stipulation and Order to open the door to admit wide-ranging deposition testimony of two AstraZeneca witnesses – Per Lindberg and Bernhard Kohl – who AstraZeneca states are not under its control and will not be made available for deposition. *See* Exhibit E (August 30, 2012 letter from

---

[1] Given AstraZeneca's denial of its obligation and agreement to make its own case witnesses available in the United States, Hanmi is now prepared to seek the Court's issuance of letters rogatory for purposes of procuring testimony from these witnesses via the Hague Convention. This route however presents unnecessary expense and burden to the parties and the Court as well as extrajudicial authorities, and Hanmi respectfully requests that the Court otherwise grant relief by way of the present letter request.

332229.1



Honorable Tonianne J. Bongiovanni, U.S.M.J.
September 25, 2012
Page 3

Rothman to Rathinam); Exhibit J (September 7, 2012 letter from Haas to Rathinam); Exhibit K (September 10, 2012 letter from Rothman to Rathinam).

Mr. Lindberg is the first-listed inventor on both of the '504 and '192 patents-in-suit. As such, his testimony is central to issues relating to Hanmi's non-infringement and invalidity defenses. Hanmi, however, has never had any opportunity to examine Mr. Lindberg concerning his prior testimony to the extent that testimony pertains to Hanmi's positions in this litigation, let alone on issues which are unique to the present litigation. Importantly -- and with full knowledge Hanmi did not intend to forego his deposition -- at no time during the negotiation of the stipulation did AstraZeneca inform Hanmi that named inventor Lindberg was no longer employed by AstraZeneca, was not within its control, or of AstraZeneca's belief that it was under no obligation to secure his availability for a deposition. To date, AstraZeneca states that it is trying to determine Mr. Lindberg's address, but has yet to provide such. *See* Exhibit K (September 10, 2012 letter from Rothman to Rathinam). In prior actions when Mr. Lindberg gave deposition testimony, he was represented by, and made available in the United States at the offices of, AstraZeneca's counsel in New York. As of December 2010, Mr. Lindberg was a Senior Scientific Advisor for AstraZeneca AB having been employed by AstraZeneca since 1982. (Exhibit L). Putting aside the improbability of AstraZeneca's inability to provide any address for Mr. Lindberg, it was disingenuous for AstraZeneca to have sought the consent of Hanmi stipulating to the use of prior deposition transcripts in this action, but not to have informed Hanmi that select witnesses -- *including a named inventor* -- would not be made available for deposition.

Mr. Kohl is a third party inventor of asserted anticipatory reference DE 40 53 455, and apparently effectively renounced his own patent and work subject thereof in connection with prior proceedings involving Nexium® in which Hanmi was not present. In particular, AstraZeneca secured the assistance and declaration testimony of Mr. Kohl in European opposition proceedings directed to patents related to those in the present suit, and Mr. Kohl testified with respect to the same at the offices of AstraZeneca's counsel in New York as recently as 2009. Mr. Kohl's testimony is highly prejudicial to Hanmi's case, and Hanmi is entitled to examine him as to his renunciations and other pertinent aspects of his earlier testimony if AstraZeneca intends to offer Mr. Kohl's previous testimony in the trial of this case. AstraZeneca has not indicated whether or not it has attempted to procure Mr. Kohl for deposition. AstraZeneca has identified Mr. Kohl's last known business address in Konstanz, Germany. *See* Exhibit K (September 10, 2012 letter from Rothman to Rathinam).

Cross-examination is "beyond any doubt the greatest legal engine ever invented for the discovery of truth." 5 J. Wigmore, Evidence § 1367, p. 32 (J. Chadbourn Rev. 1974). In recognition of this fundamental principle, prior testimony given under oath in a deposition in another case is admissible in the current proceeding only if (1) the witness is unavailable and (2) the party against whom the testimony is offered had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination. *See* Fed. R. Evid. 804(b)(1)(B); Fed. R. Civ. P. 32; *Kirk v. Ramark, Indus., Inc.*, 61 F.3d 147, 164 (3rd Cir. 1995). Accordingly, if AstraZeneca intends to use



Honorable Tonianne J. Bongiovanni, U.S.M.J.
September 25, 2012
Page 4

previous deposition testimony of Messrs. Lindberg and Kohl at trial, they must be made available for deposition.

Finally, at a minimum it now appears that the parties had no meeting of the minds as to the circumstances under which the deposition transcripts could be used at trial in lieu of live testimony pursuant to the July 24 Stipulation and Order. Absent AstraZeneca making its witnesses available for deposition, Hanmi respectfully requests that the Court set aside the July 24 Stipulation and Order to avoid the substantial prejudice to Hanmi in not being able to cross-examine these key AstraZeneca witnesses offered by AstraZeneca against Hanmi in this litigation.

Respectfully,

Allyn Z. Lite

AZL:emp

cc: Counsel of Record (via ECF)

332229.1

# EXHIBIT A



SUGHRUE MION, PLLC

2100 Pennsylvania Avenue, NW
Washington, DC 20037-3213
T 202.293.7060
F 202.293.7860

www.sughrue.com

Renita S. Rathinam
T 202.857.3209
rrathinam@sughrue.com

June 8, 2012

*__Via Email__*

Bruce Haas, Esq.
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800

Re:     *AstraZeneca AB et al. v. Hanmi USA, Inc. et al.,*
        Civil Action No. 11-00760 (JAP)(TJB)

Dear Bruce:

In response to your email correspondence and letter of June 5, 2012, please be advised that Hanmi does not intend to forego its right to depose the named individuals. Hanmi will agree not to reexamine witnesses on subject matter already testified to, so long as AstraZeneca does not object to our use of any witness's prior deposition transcripts in the present case. As you would expect, we would seek to depose these individuals on defenses and counterclaims unique to Hanmi's case.

In your June 5 email, you stated that you could not agree to our proposed dates for fact and expert discovery cut-off as, respectively, October 15, 2012 and January 28, 2013 because you would not have enough time to do what needed to be done. You also noted that our response regarding your June 5 communications would impact any potential compromise schedule on pre-trial dates.

In view of our representation that we will not retread old ground with previous deponents, and our agreement to produce the additional documents you have requested (see my letter to Mr. Rothman of today), please advise us of your final position with respect to the pre-trial dates leading up to an April, 2013 trial. If you would like to confer on the matter, we are generally available on Monday. Otherwise, we may seek the assistance of the Court in obtaining a schedule setting the relevant dates between now and April of next year.

Very truly yours,

Renita S. Rathinam

Washington, DC ~ Tokyo ~ Silicon Valley ~ San Diego

# EXHIBIT B

# Fitzpatrick

FITZPATRICK, CELLA, HARPER & SCINTO

Bruce C. Haas
bhaas@fchs.com
(212) 218-2290

www.fitzpatrickcella.com

NEW YORK
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2100
F 212-218-2200

July 23, 2012

<u>VIA E-MAIL</u>

Mark Boland, Esq.
Sughrue Mion PLLC
2100 Pennsylvania Avenue, NW Suite 800
Washington, D.C. 20037-3213

Re:   <u>**AstraZeneca AB et al. v. Hanmi USA, Inc. et al.: 11-cv-00760-JAP-TJB**</u>

Dear Mark,

We served a Rule 30(b)(6) deposition notice on Hanmi on July 2, three weeks ago.  To date, we have had no response.  Please promptly let us know when the Hanmi Rule 30(b)(6) witnesses will be available for deposition.  Based upon our prior agreement concerning the venue of fact depositions of party employee witnesses, we assume that our Rule 30(b)(6) depositions of Hanmi's employee witnesses will be at your Washington, D.C. offices.  We look forward to hearing from you soon.

Very truly yours,

Bruce C. Haas

Enclosure
cc (via e-mail):
> mdzwonczyk@sughrue.com
> jscherling@sughrue.com
> rrathinam@sughrue.com
> keetos@skgf.com
> ryoo@sughrue.com

NEW YORK        WASHINGTON        CALIFORNIA

# EXHIBIT C

Case 3:11-cv-00760-JAP-TJB    Document 235    Filed 09/25/12    Page 10 of 39 PageID: 8732
Case 3:11-cv-00760-JAP-TJB    Document 231-1    Filed 07/19/12    Page 1 of 4 PageID: 8694
Case 3:11-cv-00760-JAP-TJB    Document 232    Filed 07/24/12    Page 1 of 4 PageID: 8696

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

R E C E I V E D

JUL 2 4 2012

AT 8:30_____M
WILLIAM T. WALSH
CLERK

ASTRAZENECA AB, AKTIEBOLAGET
HÄSSLE, ASTRAZENECA LP, KBI INC.
and KBI-E INC.,

Plaintiffs and
Counterclaim-Defendants,

v.

HANMI USA, INC., HANMI
PHARMACEUTICAL CO., LTD., HANMI
FINE CHEMICAL CO., LTD. and HANMI
HOLDINGS CO., LTD.,

Defendants and
Counterclaim-Plaintiffs.

Civil Action No. 3:11-CV-00760-JAP-TJB

Judge Joel A. Pisano
Magistrate Judge Tonianne J. Bongiovanni

## STIPULATION AND [PROPOSED] ORDER REGARDING DEPOSITIONS

Plaintiffs AstraZeneca AB, Aktiebolaget Hässle, AstraZeneca LP, KBI Inc. and

KBI-E Inc. (collectively, "AstraZeneca") and Defendants Hanmi, Inc., Hanmi Pharmaceutical

Co., Ltd., Hanmi Fine Chemical Co., Ltd. and Hanmi Holdings Co., Ltd. (collectively,

"Hanmi"), hereby stipulate and agree as follows:

1.    Certain depositions, as identified below, were taken in the following prior

actions brought by AstraZeneca against other defendants: *AstraZeneca, et al. v. Ranbaxy, et al.*,

Civil Action No. 05-cv-5553-JAP-TJB; *AstraZeneca, et al. v. Dr. Reddy's Laboratories, et al.*,

Civil Action No. 08-cv-0328-JAP-TJB; *AstraZeneca, et al. v. Teva, et al.*, 08-cv-2014-JAP-TJB.

2.    The depositions taken in these prior actions include:

- Deposition of Sverker von Unge taken on September 23,
  2008 in Civil Action Nos. 05-cv-5553, 08-cv-0328 and 08-
  cv-2014;

- Deposition of Sverker von Unge taken on September 24,
  2008 in Civil Action Nos. 05-cv-5553, 08-cv-0328 and 08-
  cv-2014;

1

Case 3:11-cv-00760-JAP-TJB   Document 231-1   Filed 07/24/12   Page 2 of 4 PageID: 8699

- Deposition of Sverker von Unge taken on September 24, 2008 in Civil Action Nos. 05-cv-5553, 08-cv-0328 and 08-cv-2014;

- Deposition of Sverker von Unge taken on September 25, 2008 in Civil Action Nos. 05-cv-5553, 08-cv-0328 and 08-cv-2014;

- Deposition of Sverker von Unge taken on May 19, 2009 in Civil Action No. 05-cv-5553;

- Deposition of Sverker von Unge taken on May 20, 2009 in Civil Action No. 05-cv-5553;

- Deposition of Sverker von Unge taken on May 21, 2009 in Civil Action No. 05-cv-5553;

- Deposition of Tommy Andersson taken on October 2, 2008 in Civil Action Nos. 05-cv-5553, 08-cv-0328 and 08-cv-2014;

- Deposition of Tommy Andersson taken on October 3, 2008 in Civil Action Nos. 05-cv-5553, 08-cv-0328, 08-cv-2014;

- Deposition of Tommy Andersson taken on October 3, 2008 in Civil Action Nos. 05-cv-5553, 08-cv-0328, 08-cv-2014;

- Deposition of Per Lindberg taken on October 21, 2008 in Civil Action Nos. 05-cv-5553, 08-cv-0328, 08-cv-2014;

- Deposition of Per Lindberg taken on October 22, 2008 in Civil Action Nos. 05-cv-5553, 08-cv-0328, 08-cv-2014;

- Deposition of Per Lindberg taken on October 22, 2008 in Civil Action Nos. 05-cv-5553, 08-cv-0328, 08-cv-2014;

- Deposition of Per Lindberg taken on October 23, 2008 in Civil Action Nos. 05-cv-5553, 08-cv-0328, 08-cv-2014;

- Deposition of Johann Senn Bilfinger taken on April 30, 2009 in Civil Action No. 05-cv-5553; and

- Deposition of Bernhard Kohl taken on May 7, 2009 in Civil Action No. 05-cv-5553.

Case 3:11-cv-00760-JAP-TJB   Document 235   Filed 09/25/12   Page 12 of 39 PageID: 8734
Case 3:11-cv-00760-JAP-TJB   Document 231-1   Filed 07/19/12   Page 3 of 4 PageID: 8606
Case 3:11-cv-00760-JAP-TJB   Document 232   Filed 07/24/12   Page 3 of 4 PageID: 8609

3.      AstraZeneca has produced to Hanmi in the present action transcripts of the depositions identified in paragraph 2 ("the Depositions").

4.      At any hearing or trial in the present action all or part of the Depositions may be used by any party in the present action against any other party in the present action to the extent they would be admissible under the Federal Rules of Evidence if the deponents were present and testifying.

Dated: July 19, 2012

s/John E. Flaherty
John E. Flaherty
Jonathan M.H. Short
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Of Counsel:
Henry J. Renk
Bruce C. Haas
Colleen Tracy
Joshua I. Rothman
FITZPATRICK, CELLA, HARPER
    & SCINTO
1290 Avenue of the Americas
New York, New York  10104-3800
(212) 218-2100

Einar Stole
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC  20004-2401
(202) 662-6000

Attorneys for *Plaintiffs*

s/Allyn Z. Lite
Allyn Z. Lite
Michael E. Patunas
Mayra V. Tarantino
LITE DEPALMA GREENBERG, LLC
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 877-3872
alite@litedepalma.com
mpatunas@litedepalma.com
mtarantino@litedepalma.com

Mark Boland
Michael R. Dzwonczyk
Renita S. Rathinam
SUGHRUE MION, PLLC
2100 Pennsylvania Ave., NW
Washington, DC 20037-3213
Telephone: (202) 293-7060
Facsimile: (202) 293-7860
mboland@sughrue.com
mdzwoncyzk@sughrue.com
rrathinam@sughrue.com

John B. Scherling
SUGHRUE MION, PLLC
4250 Executive Square
Suite 900
La Jolla, CA 92037
Telephone: (858) 795-1180

Facsimile: (858) 795-1199
jscherling@sughrue.com

Attorneys for *Defendants*

So Ordered:

Tonianne J. Bongiovanni
United States Magistrate Judge

7/23/12

# EXHIBIT D



**Sughrue**

SUGHRUE MION, PLLC

2100 Pennsylvania Avenue, NW
Washington, DC 20037-3213
T 202.293.7060
F 202.293.7860

www.sughrue.com

Renita S. Rathinam
T 202.857.3209
rrathinam@sughrue.com

August 29, 2012

**_Via Email_**

Joshua I. Rothman, Esq.
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800

Re:   *AstraZeneca AB et al. v. Hanmi USA, Inc. et al.,*
<u>Civil Action No. 11-00760 (JAP)(TJB)</u>

Dear Josh:

We write in response to your letter of August 23, 2012 regarding Hanmi's August 13, 2012 Notices of Deposition.

Regarding your proposal that we coordinate deposition dates of AstraZeneca employees with Mylan, though we are glad to work with you and Mylan for efficiency purposes, this case is not consolidated with the *Mylan* case and Hanmi is not under any obligation to so coordinate. If you plan to produce AstraZeneca witnesses only once for both Hanmi and Mylan, that is up to you. We will certainly cooperate on scheduling but we expect that you will be prepared to make each witness available for a full day of deposition by Hanmi to which Hanmi is entitled. We hope that through cooperation with Mylan, each such deposition will be able to be conducted in a day, although for scheduling purposes two days should be set aside.

As for the two witnesses not employed or no longer employed by AstraZeneca (Lindberg and Kohl), please advise us as soon as possible whether you will make them available, so that we can pursue their depositions through other means as appropriate. To the extent those witnesses are ultimately not available for deposition, of course none of their prior deposition transcripts will be useable or admissible in this case, per the parties' stipulation (D.I. 232) and the Federal Rules of Evidence. If AstraZeneca does not plan to rely on testimony from Lindberg and Kohl in support of its claims, we will consider not proceeding with their depositions. Please advise in this regard.

Very truly yours,

Renita S. Rathinam

Cc:   Counsel of record
Counsel for Mylan (12-1378)

Washington, DC ~ Tokyo ~ Silicon Valley ~ San Diego

# EXHIBIT E

# Fitzpatrick

FITZPATRICK, CELLA, HARPER & SCINTO

Joshua I. Rothman
jrothman@fchs.com
(212) 218-2275

www.fitzpatrickcella.com

NEW YORK
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2100
F 212-218-2200

August 30, 2012

VIA E-MAIL

Renita Rathinam, Esq.
Sughrue Mion PLLC
2100 Pennsylvania Avenue, NW Suite 800
District of Columbia 20037-3213
(202) 293-7060

**Re:    AstraZeneca AB et al. v. Hanmi USA, Inc. et al.
         Case No.: 11-cv-00760-JAP-TJB**

Dear Renita,

This responds to your letter of August 29, 2012.  Neither Per Lindberg nor Bernard Kohl are within AstraZeneca's control.  In addition, AstraZeneca does not intend to call either of them as live witnesses at trial.  However, pursuant to the stipulation the parties agreed upon, which was subsequently ordered by the Court (D.I. 232), AstraZeneca reserves the right to rely upon their deposition testimony for any purpose in the present action as if the witnesses were present and testifying.

Regards,

JOSHUA ROTHMAN/PLC

Joshua I. Rothman

cc(via e-mail):
        mdzwonczyk@sughrue.com
        mboland@sughrue.com
        jscherling@sughrue.com
        keetos@skgf.com
        ryoo@sughrue.com
        sbloodworth@perkinscoie.com
        dejones@perkinscoie.com
        bbeel@perkinscoie.com

NEW YORK      WASHINGTON      CALIFORNIA

# EXHIBIT F



**Sughrue**
SUGHRUE MION, PLLC

2100 Pennsylvania Avenue, NW
Washington, DC 20037-3213
T 202.293.7060
F 202.293.7860

www.sughrue.com

**Renita S. Rathinam**
T 202.857.3209
rrathinam@sughrue.com

September 4, 2012

*Via Email*

Joshua I. Rothman, Esq.
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800

Re:     *AstraZeneca AB et al. v. Hanmi USA, Inc. et al.,*
         Civil Action No. 11-00760 (JAP)(TJB)

Dear Josh:

We write in response to your letter of August 30, 2012 regarding the stipulation regarding use of prior depositions.

We are shocked at AstraZeneca's position given its representations during discussions and letters leading up to the stipulation. We preliminarily remind you that the whole concept of using prior deposition testimony arose in the context of negotiating a case schedule, and was proposed by Bruce Haas amidst AstraZeneca's cries that there was allegedly so much work required for timely completion of fact discovery. In the spirit of cooperation and with the goal of streamlining the discovery process, we entertained Bruce's proposal that Hanmi agree to not re-depose individuals on subject matter already of record and with which Hanmi takes no issue.

The parties' subsequent discussions and correspondences on this matter evidence this intention. Clear in my June 15, 2012 letter to Bruce is a reservation by Hanmi of its rights to depose individuals on issues pertinent to Hanmi's claims and defenses. A key underpinning of the stipulation agreement was certainly that Hanmi would be able to cross examine any individual on whose prior testimony you intend to rely and that Hanmi would indeed seek to depose any individual on issues pertinent to its case. The stipulation was by no means intended to memorialize a preposterous hand off by Hanmi of its rights, pursuant to fundamental rules of evidence and civil procedure, to examine witnesses which - prior to this case - Hanmi has never had motivation or opportunity to examine.

Notably, the stipulation does not read prior depositions "may be used to the extent admissible under the Federal Rules *as if* the deponents were present and testifying." Rather, the stipulation provides that such transcripts may be used to the extent admissible under the Federal Rules *if* the deponents were present and testifying. We understood this to mean simply that the parties would not need to use trial time creating a record of testimony that already exists if the deponents were present and testifying. A reading of the stipulation as you strangely suggest



Joshua I. Rothman, Esq.
September 4, 2012
Page 2

would stand counter to basic rules of evidence and civil procedure concerning unavailable witnesses.  At no time did we indicate that Hanmi would permit use of what would be pure hearsay against it and it is ludicrous to think that Hanmi would give up wholesale its right to examine witnesses on issues central to Hanmi's claims and defenses.

AstraZeneca's re-crafting of its position leading to the stipulation so as to read Paragraph 4 in lieu of rules of evidence, and clearly to Hanmi's detriment and prejudice is highly improper. As evident, somehow there was no meeting of the minds on this issue.  We are available to meet and confer on this issue this Thursday and Friday.  Absent your agreement to use prior testimony only as permitted under Federal Rules of Evidence, we will move for clarification of the stipulation by the Court.

Very truly yours,

Renita S. Rathinam

# EXHIBIT G



# Fitzpatrick

FITZPATRICK, CELLA, HARPER & SCINTO

Joshua I. Rothman
jrothman@fchs.com
(212) 218-2275

www.fitzpatrickcella.com

NEW YORK
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2100
F 212-218-2200

September 5, 2012

<u>VIA E-MAIL</u>

Renita Rathinam, Esq.
Sughrue Mion PLLC
2100 Pennsylvania Avenue, NW Suite 800
District of Columbia 20037-3213
(202) 293-7060

Re:   **AstraZeneca AB et al. v. Hanmi USA, Inc. et al.**
      <u>**Case No.: 11-cv-00760-JAP-TJB**</u>

Dear Renita,

This will acknowledge receipt of your September 4, 2012 letter, which appeared to represent an attempt to renege on the agreement reflected in the parties' July 19, 2012 stipulation, so-ordered by the Court on July 23, 2012 (D.I. 232), permitting the use by any party at any hearing or trial in this action of certain depositions taken in prior actions (the "Depositions") "to the extent they would be admissible under the Federal Rules of Evidence if the deponents were present and testifying."

This will also confirm our conversation of earlier today. During that conversation, you explained that, despite the Court Order, Hanmi's position is that it will object to AstraZeneca's use at trial of any of the Depositions only if Hanmi is now unable to depose any of these witnesses.

We disagree with Hanmi's position. The Court Order, and its history of negotiation, makes clear that there is no such condition on the use of the Depositions. In our initial letter to you on the subject (Haas letter to Boland of June 5, 2012), we asked Hanmi to agree to the use of the Depositions "as if they were taken in this action." You never disagreed with that concept. Nor did Hanmi ever disagree with the language we proposed for the stipulation.

In your response of June 8, you insisted only in the right to re-depose these witnesses on subjects not covered in the prior Depositions, and we have never objected to that. In fact, AstraZeneca has agreed to bring to the United States those witnesses who are still employed by it in Sweden. As to the other two witnesses that Hanmi has now noticed the deposition of, Messrs. Lindberg and Kohl, Mr. Lindberg is retired from AstraZeneca and Mr. Kohl never worked for AstraZeneca. Accordingly, as we told you in our August 30 letter, AstraZeneca does not control these two witnesses. Although we do not object to Hanmi's right now to

**NEW YORK      WASHINGTON      CALIFORNIA**

Renita Rathinam, Esq.
Page 2 of 2

depose these two witnesses, subject to Hanmi's agreement not to replow old ground with either witness, we cannot voluntarily produce them for deposition.

Nor did Hanmi ever condition use of the Depositions on the appearance of any of the witnesses at trial.  Such a condition would make no sense, as any such witness would no longer be "unavailable" and his presence at trial would, as a practical matter, render his prior deposition non-usable except for impeachment.  The history of the stipulation makes clear that the parties envisioned the ability to use the Depositions at trial in lieu of live testimony.

Moreover, we draw your attention to the fact that paragraph 4 of the so-ordered stipulation uses the language of Federal Civil Procedure Rule 32(a)(1)(B), which governs use of depositions at trial.  As explained in the advisory committee notes to Rule 32, the rules of evidence are to be applied to depositions offered at trial "as though the deponent were then present and testifying at trial."  As the notes further explain, "[t]his eliminates the possibility of certain technical hearsay objections which are based, not on the contents of deponent's testimony, but on his absence from court."  Thus, the mere absence from court of the witness is irrelevant to the admissibility of the deposition.

We look forward to having a meet and confer on this issue tomorrow, after 2PM.  Please let us know when you are available.


Regards,

*Joshua Rothman/PLC*
Joshua I. Rothman

cc(via e-mail):
   mdzwonczyk@sughrue.com
   mboland@sughrue.com
   jscherling@sughrue.com
   keetos@skgf.com
   ryoo@sughrue.com

FCHS_WS 7908447v1.doc

# EXHIBIT H



SUGHRUE MION, PLLC

2100 Pennsylvania Avenue, NW
Washington, DC 20037-3213
T 202.293.7060
F 202.293.7860

www.sughrue.com

Renita S. Rathinam
T 202.857.3209
rrathinam@sughrue.com

September 6, 2012

*Via Email*

Joshua I. Rothman, Esq.
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800

Re:  *AstraZeneca AB et al. v. Hanmi USA, Inc. et al.,*
     Civil Action No. 11-00760 (JAP)(TJB)

Dear Josh:

We write further to your letters of August 30 and September 5 regarding the noticed depositions of Bernhard Kohl and Per Lennart Lindberg. You have indicated that each such witness is not under AstraZeneca's control and you cannot voluntarily produce them for deposition. Please advise whether AstraZeneca intends to rely upon prior testimony of these witnesses. If AstraZeneca does intend to rely on their prior testimony, please advise as to whether you have attempted to procure the attendance of each of these witnesses for deposition and the reasons as to why such attempts, if any, have been unsuccessful. Patentees have been compelled to produce inventors (including foreign-based inventors) for deposition regardless of their employment status. *See e.g., Amgen Inc., v. Ariad Pharms., Inc.,* 2007 U.S. Dist. LEXIS 35076 (D. Del. 2007); *Murata Mfg. Co. v. Bel Fuse Inc.* 2007 U.S. LEXIS 33077 (N.D. Ill. 2007), and Hanmi has every intention of fully protecting its right to examine any witnesses whose testimony AstraZeneca may use against Hanmi.

If no attempts to procure the witnesses' attendance have been made, please also advise whether AstraZeneca is refusing to attempt to procure these witnesses for deposition and immediately provide the last known addresses of Messrs. Kohl and Lindberg.

Very truly yours,

Renita S. Rathinam

# EXHIBIT I



SUGHRUE MION, PLLC

2100 Pennsylvania Avenue, NW
Washington, DC 20037-3213
T 202.293.7060
F 202.293.7860

www.sughrue.com

Renita S. Rathinam
T 202.857.3209
rrathinam@sughrue.com

September 6, 2012

*Via Email*

Joshua I. Rothman, Esq.
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800

Re:     *AstraZeneca AB et al. v. Hanmi USA, Inc. et al.,*
        Civil Action No. 11-00760 (JAP)(TJB)

Dear Josh:

We write to memorialize today's meet and confer and to respond to your letter of September 5, 2012 regarding our disagreement on the meaning and intended purpose of the stipulation regarding use of prior depositions.

As a preliminary matter, below we correct some of the mischaracterizations in your September 5 letter. Statements from your letter have been republished in italics for convenience and accuracy.

**Paragraph 1 of your 9/5 letter**

> *This will acknowledge receipt of your September 4, 2012 letter, which appeared to represent an attempt to renege on the agreement reflected in the parties' July 19, 2012 stipulation, so ordered by the Court on July 23, 2012 (D.I. 232), permitting the use by any party at any hearing or trial in this action of certain depositions taken in prior actions (the "Depositions") "to the extent they would be admissible under the Federal Rules of Evidence if the deponents were present and testifying.*

We have not reneged on any agreements. As you have confirmed in various letters and during today's meet and confer, there was no meeting of the minds by the parties as to the meaning of the stipulation language and intended purpose of the stipulation prior to its submission to the Court.


Sughrue
SUGHRUE MION, PLLC

Joshua I. Rothman, Esq.
September 6, 2012
Page 2

**Paragraph 2 of your 9/5 letter**

> *This will also confirm our conversation of earlier today. During that
> conversation, you explained that, despite the Court Order, Hanmi's position is
> that it will object to AstraZeneca's use at trial of any of the Depositions only if
> Hanmi is now unable to depose any of these witnesses.*

Hanmi's position is not simply "*that it will object to AstraZeneca's use at trial of any of
the Depositions only if Hanmi is now unable to depose any of these witnesses.*"
As explained on the phone yesterday (9/5), in preceding letters on this issue, and during
today's meet and confer, Hanmi does not agree to the use of prior deposition testimony of
any witness in this case absent an opportunity to examine such witness. Hanmi has not
agreed and does not agree to waive its fundamental right of cross examination as
recognized by the applicable Federal Rules of Evidence and Civil Procedure. The
stipulation was not presented to function in lieu of or to abrogate the Rules.

**Paragraph 3 of your 9/5 letter**

> *We disagree with Hanmi's position. The Court Order, and its history of
> negotiation, makes clear that there is no such condition on the use of the
> Depositions. In our initial letter to you on the subject (Haas letter to Boland of
> June 5, 2012), we asked Hanmi to agree to the use of the Depositions "as if they
> were taken in this action." You never disagreed with that concept. Nor did
> Hanmi ever disagree with the language we proposed for the stipulation.*

Our letter of June 8, 2012 makes clear that we disagree to blanket treatment of the
depositions *"as if they were taken in this action."* As pointed out to you now numerous
times and as stated in the June 8 letter, we agreed not to reexamine witnesses on subject
matter already testified to, so long as AstraZeneca would not object to our use of any
witness's prior deposition transcripts and with the understanding that we "***would seek to
depose individuals on defenses and counterclaims unique to Hanmi's case***." (June 8,
2012 Lettter (emphasis added).

**Paragraph 4, 1ˢᵗ sentence of your 9/5 letter**

> *In your response of June 8, you insisted only in the right to re-depose these
> witnesses on subjects not covered in the prior Depositions, and we have never
> objected to that.*

See above. We explained our intent to depose individuals on defenses and counterclaims
unique to Hanmi's case.



SUGHRUE MION, PLLC

Joshua I. Rothman, Esq.
September 6, 2012
Page 3

### Paragraphs 5 and 6 of your 9/5 letter

> *Nor did Hanmi ever condition use of the Depositions on the appearance of any of the witnesses at trial. Such a condition would make no sense, as any such witness would no longer be "unavailable" and his presence at trial would, as a practical matter, render his prior deposition non-usable except for impeachment. The history of the stipulation makes clear that the parties envisioned the ability to use the Depositions at trial in lieu of live testimony.*

> *Moreover, we draw your attention to the fact that paragraph 4 of the so-ordered stipulation uses the language of Federal Civil Procedure Rule 32(a)(l)(B), which governs use of depositions at trial. As explained in the advisory committee notes to Rule 32, the rules of evidence are to be applied to depositions offered at trial "as though the deponent were then present and testifying at trial." As the notes further explain, "[t]his eliminates the possibility of certain technical hearsay objections which are based, not on the contents of deponent's testimony, but on his absence from court." Thus, the mere absence from court of the witness is irrelevant to the admissibility of the deposition.*

As explained, the Federal Rules generally do not permit use of prior testimony against a party who has had no opportunity to examine a witness. Please see the entirety of Rule 32 and in particular subsection (a), predicating use of prior testimony on three conditions, including that the party against whom the testimony may be used against be present or represented at the taking of the deposition or had reasonable notice of it. *See also* Federal Rule of Evidence 801, 804.

### Today's (9/6) meet and confer

The parties agree that we are at an impasse as to the intent and meaning of the stipulation and the understandings leading to the stipulation. Accordingly, we intend to explain to the Court Hanmi's intent and understanding leading up to the stipulation, its interpretation of the stipulation and request that the Court clarify the meaning of paragraph 4, to make clear that the stipulation is not in contravention of any Federal Rule of Evidence or Civil Procedure.

Given our disagreement, I also asked that AstraZeneca now agree that either party may use prior testimony of a witness only to the extent the party against whom it is offered has had an opportunity to examine such witness. You indicated you could not agree until receiving a request in writing. We believe the foregoing proposal to be fair and reasonable and ask for your written agreement by the close of business tomorrow. We will refrain from seeking the Court's assistance pending your response.


SUGHRUE MION, PLLC

Joshua I. Rothman, Esq.
September 6, 2012
Page 4

Very truly yours,

Renita S. Rathinam

cc: counsel of record

# EXHIBIT J

# Fitzpatrick

FITZPATRICK, CELLA, HARPER & SCINTO

BRUCE C. HAAS
bhaas@fchs.com
(212) 218-2290

www.fitzpatrickcella.com

NEW YORK
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2100
F 212-218-2200

September 7, 2012

_**Via Email**_

Renita Rathinam, Esq.
Sughrue Mion PLLC
2100 Pennsylvania Avenue
NW Suite 800
Washington, DC  20037-3213

Re:   *AstraZeneca AB et al. v. Hanmi USA, Inc. et al.*
      **Case No.: 11-cv-00760-JAP-TJB**

Renita:

This responds to your two September 6 letters addressed to Joshua Rothman.

Your statement "As you have confirmed in various letters and during today's meet and confer, there was no meeting of the minds by the parties as to the meaning of the stipulation . . ." is not correct.  To the contrary, the correspondence between the parties *before* the stipulation makes clear that there was indeed a meeting of the minds, the parties were in agreement and that the agreement is memorialized in the order of the Court.  Apparently, Hanmi simply has changed its mind and now wants to modify the agreed stipulation and Order.  It is telling that the only support Hanmi has, predating the Order, for its various rebuttal arguments to our September 5 letter is a reference to Hanmi's June 8 letter.  But clearly that reference confirms that the parties agreed to the use of the depositions by any party as if they were taken in this action.  Hanmi's agreement to permit use of the depositions by the parties is not surprising because other generic companies having like motive to develop the testimony about the same material facts participated in the depositions.  Hanmi's agreement to permit use of the depositions is also not surprising because Hanmi at the time had been aggressively pushing for a short discovery schedule, and re-deposing fact witnesses located overseas would be very time consuming.  While Hanmi in its June 8 letter reserved its right to *seek* to depose individuals on defenses and counterclaims *unique to Hanmi's case*, AstraZeneca's production of those individuals was not a condition precedent to the parties' ability to use those depositions.

The correspondence demonstrates that Hanmi agreed not to cross examine the individuals on matters already covered in the depositions.  Hanmi's cries of "not waiving its fundamental right of cross examination" is directly contradicted by Hanmi's statement that it was not going to cross examine the witnesses on the subject matter to which they already testified.  The Order reflects

NEW YORK     WASHINGTON     CALIFORNIA

Renita Rathinam, Esq.
September 7, 2012
Page 2 of 2

the parties' intent to rely upon the depositions for information not unique to Hanmi's case, while Hanmi still had the right to seek additional testimony on issues unique to Hanmi's case.

As for Hanmi's query regarding depositions not set forth in the Order, AstraZeneca agrees that use of those depositions in this action should not be controlled by the Order but rather be controlled by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

We now turn to your inquiry with regard to Messrs. Kohl and Lindberg. As Hanmi admits, its inquiry of these individuals will be limited to defenses and counterclaims unique to Hanmi's case. To that end, please let us know what factual information, if any, Hanmi believes it may discover from Mr. Kohl and Mr. Lindberg that is unique to Hanmi's case. Without the prospect of any discoverable information, this issue may be moot, and the depositions not needed.

Very truly yours,

Bruce C. Haas

cc:     mdzwonczyk@sughrue.com
        mboland@sughrue.com
        jscherling@sughrue.com
        mtarantino@litedepalma.com
        keetos@skgf.com
        ryoo@sughrue.com

# EXHIBIT K

# Fitzpatrick

FITZPATRICK, CELLA, HARPER & SCINTO

Joshua I. Rothman
jrothman@fchs.com
(212) 218-2275

www.fitzpatrickcella.com

NEW YORK
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2100
F 212-218-2200

September 10, 2012

<u>VIA E-MAIL</u>

Renita Rathinam, Esq.
Sughrue Mion PLLC
2100 Pennsylvania Avenue, NW Suite 800
District of Columbia 20037-3213
(202) 293-7060

Re:     **AstraZeneca AB et al. v. Hanmi USA, Inc. et al.**
        **Case No.: 11-cv-00760-JAP-TJB**

Dear Renita,

This responds to your September 7 letter regarding Messrs. Kohl and Lindberg.

Notwithstanding Hanmi's failure to demonstrate its need for the additional depositions of both, AstraZeneca is not "refusing" to make Messrs. Lindberg and Kohl available for deposition. Nor does AstraZeneca object to Hanmi's deposition of these witnesses on subject matter beyond that covered in their prior depositions.

As to Mr. Lindberg, he is no longer employed by AstraZeneca, and, thus, AstraZeneca is under no obligation to make him available for deposition. We are currently trying to determine Mr. Lindberg's address.

Dr. Kohl was never employed by AstraZeneca, and, in fact, was represented by other counsel at his prior deposition. His last-known business address is Nycomed, Byk-Gulden-Str.2, 78467 Konstanz, Germany. We do not know his home address.

With all due respect, you are not entitled to anything beyond what is set forth above.


Regards,

JOSHUA ROTHMAN /PLC

Joshua I. Rothman

cc(via e-mail):
        mdzwonczyk@sughrue.com
        mboland@sughrue.com


NEW YORK        WASHINGTON        CALIFORNIA

Renita Rathinam, Esq.
Page 2 of 2

jscherling@sughrue.com
keetos@skgf.com
ryoo@sughrue.com

# EXHIBIT L

D85

## IN THE EUROPEAN PATENT OFFICE
## DECLARATION OF PER LINDBERG Ph.D.

### Background

1. I am a senior scientific advisor at the CVGI Therapy Area for the Patentee, AstraZeneca AB (formerly Astra AB and, before that, Hässle AB), and have been employed by the Patentee and its predecessor companies since 1982. I am also one of the inventors of the inventions that are the subjects of European Patents EP 1 020 460 B1 and EP 1 020 461 B1 (which I will call "the Opposed Patents").

2. I have enjoyed a long and interesting career path at the Patentee and its predecessor companies. Especially, during the 1980s, I was involved in the development of the Patentee's blockbuster proton pump inhibitor (PPI), omeprazole, and working on its mechanism of action, as well as the direction of the Patentee's synthesis program in relation to new PPIs that were intended to succeed omeprazole.

3. I am a person who has gained considerable interest, experience, and expertise in the field of PPIs during my time with the Patentee. During the relevant time, I regularly attended scientific conferences where these matters were discussed and debated. These conferences were attended by representatives at other companies, such as Byk Gulden, Takeda, Fisons, Eisai and Roche, that were also working in the PPI field.

4. I am an author and co-author of publications in several areas, including the field of GI therapy. My educational details as well as my experience are specified in my Curriculum Vitae, which is attached to this declaration as Exhibit 1.

### Omeprazole – The First Proton Pump Inhibitor

5. Omeprazole (5-methoxy-2-[[(4-methoxy-3,5-dimethyl-2-pyridinyl)methyl]sulfinyl]-1H-benzimidazole) was the first of a new class of gastric acid secretion inhibitors known as proton pump inhibitors (PPIs). It was first synthesised at Hässle AB in 1979, and reached the market in 1988 as the product Losec® (in some countries) or Prilosec® (in other countries). The product was a massive success, with many millions patients treated worldwide.



1

(I)  the product could not be stored at normal temperatures without the enantiomer changing its identity (i.e. turning over a relatively short period of time into the racemate and therefore a different chemical entity, i.e. the old drug, omeprazole); and

(II)  the enantiomer would be racemised *in vivo* following administration of the product, so making its administration in the first place a pointless exercise.

### Summary

33.  Until the inventions that are the subject of the Opposed Patents were made, we at the Patentee thought that any improvement on omeprazole would consist of a new molecule, not some new version of the highly unstable molecule omeprazole.  It never even occurred to us that one or other of the individual enantiomers might form the basis of a drug product.

34.  Although attempts were made to separate the enantiomers preparatively, these were all performed externally by academics, and were motivated by academic interest. Until the invention was made, no attempt was made with a view to developing an omeprazole enantiomer as a drug.

35.  Moreover, those few attempts to separate that were made either failed absolutely, or produced material that was neither optically pure nor optically and chemically stable (i.e. it racemised back to the old drug, omeprazole in a deteriorated state), and therefore could not be worked with further.

I hereby declare that the foregoing is true and correct.

Date: December 3, 2010

Per Lindberg PhD



9