

October 3, 2012

<u>VIA ECF</u>

Hon. Tonianne J. Bongiovanni, U.S.M.J
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Room 6052
Trenton, New Jersey 08608

John E. Flaherty
Partner
T. 973.639.7903
F. 973.297.3971
jflaherty@mccarter.com

**Re:   AstraZeneca AB** *et al*. **v. Hanmi USA, Inc.** *et al.*
        **Civ. Action No. 11-cv-00760 (JAP)(TJB)**

Dear Judge Bongiovanni,

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

We, along with Fitzpatrick, Cella, Harper & Scinto, represent the AstraZeneca plaintiffs.   We write in opposition to Hanmi's September 25 Letter Motion ("Hanmi's Motion") seeking an Order compelling AstraZeneca to produce for deposition in the United States two individuals (retired former AstraZeneca employee Lindberg and third party Kohl) that reside in Europe and that AstraZeneca does not control.[1]   Hanmi's Motion is a pretext for the relief it really seeks—an Order nullifying the Court's July 24 Stipulation and Order (Doc. 232) ("Stipulated Order").  The Stipulated Order permits the parties to use at any hearing or trial in this action certain identified depositions taken in a prior action, including those of Messrs. Lindberg and Kohl, as if the deponents were present and testifying.  Hanmi's Motion should be denied.

BOSTON

HARTFORD

The Stipulated Order permits the use of the listed depositions at any hearing or trial in this action, irrespective of whether Hanmi has an opportunity to depose these witnesses on matters not covered in the prior depositions.

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

---

[1] Hanmi's Motion is silent with regard to any basis or even argument that the Court should compel AstraZeneca to produce former employee inventor Mr. Lindberg and third party witness Mr. Kohl for deposition.  Hanmi has known that AstraZeneca has no control over Mr. Kohl since at least March 19, 2012, the date AstraZeneca produced Mr. Kohl's previous deposition, because AstraZeneca did not represent Mr. Kohl at that deposition.   Mr. Lindberg retired from AstraZeneca on February 28, 2012 and therefore AstraZeneca does not control him either.  Having provided no legal or factual basis to assert AstraZeneca controls these witnesses the Court should not compel their production.

Hon. Tonianne J. Bongiovanni, U.S.M.J
October 3, 2012
Page 2

The Stipulated Order is clear and unambiguous:

> 4. At a hearing or trial in the present action all or part of the Depositions may be used by any party in the present action against any other party in the present action to the extent they would be admissible under the Federal Rules of Evidence if the deponents were present and testifying.

That language tracks Federal Rule of Civil Procedure 32(a)(1)(B):

> At a hearing or trial, all or part of a deposition may be used against a party on these conditions: (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying . . .

Other than admissibility under the Federal Rules of Evidence as if the deponent were present and testifying, the Stipulated Order does not include any condition limiting the use of the prior depositions in this case.  As explained in the advisory committee notes to Fed. R. Civ. P. 32, the rules of evidence are to be applied to depositions offered at trial "as though the deponent were then present and testifying at trial."  As the notes further explain, "[t]his eliminates the possibility of certain technical hearsay objections which are based, not on the contents of deponents' testimony, but on his absence from court."  Hanmi does not dispute that a fair reading of the Stipulated Order permits the use of the prior depositions.

Rather, Hanmi argues that its claimed "intent" should control, and not the language agreed to by the parties and ordered by the Court.  But, the correspondence between the parties demonstrates that the Stipulated Order accurately reflects the intent of the parties at the time and that Hanmi *did* relinquish its right to cross-examine the witnesses deposed in the prior action *on the subject matter already covered in those depositions.*

In the context of negotiating an appropriate schedule for the case, AstraZeneca asked Hanmi "whether the parties can treat [the previously taken] depositions as if they were taken in this action."  (Haas June 5, 2012 letter to Boland, Exhibit 1).  Hanmi responded as follows:

> Hanmi will agree not to reexamine witnesses on subject matter already testified to, so long as AstraZeneca does not object to our use of any

Hon. Tonianne J. Bongiovanni, U.S.M.J
October 3, 2012
Page 3

> witness's prior deposition transcripts in the present
> case. As you would expect, we would seek to depose
> these individuals **on defenses and counterclaims**
> **unique to Hanmi's case.** . . . In view of our
> representation that **we will not retread old ground** with
> previous deponents . . . please advise us of your final
> position with respect to the pretrial dates leading up to
> an April, 2013 trial. (Rathinam June 8, 2012 letter to
> Haas, Exhibit 2) (emphasis added).

By agreeing "not to reexamine witnesses on subject matter already testified to" and
representing "that [it] will not retread old ground with previous deponents" Hanmi
relinquished any right to cross-examine on the subject matter of that deposition. To
be clear, Hanmi reserved its right to examine those witnesses on subject matter that
is **unique to Hanmi's case** and AstraZeneca does not object to such limited
depositions. But Hanmi's ability to examine those deponents on new topics was not
a condition precedent to (1) relinquishing its right to cross-examine on the subject
matter already covered and (2) its agreement that those previous depositions are
admissible at any hearing or trial in this case.

The parties finalized a schedule based on Hanmi's representations. The remainder of
the correspondence Hanmi relies upon, all of which is after the fact, should be given
little weight as it merely demonstrates Hanmi's changed position, not what Hanmi's
intent was before it agreed to the language of the Stipulated Order.

Hanmi's claimed "intent" has evolved over time. As recently as September 4,
Hanmi asserted that the depositions could only be used at trial if the witnesses were
also in Court present and testifying:

> We understood this to mean simply that the parties
> would not need to use trial time creating a record of
> testimony that already exists if the deponents were
> present and testifying. (Rathinam September 4, 2012
> letter to Rothman at 1-2, Exhibit 3)

Hanmi has apparently abandoned that interpretation in favor of the one in its motion.

Hanmi's evolving intent is reflected in its current argument that Mr. Lindberg's
"testimony is central to issues relating to Hanmi's non-infringement and invalidity
defenses." Hanmi's Motion at 3. Hanmi previously suggested that Lindberg's
deposition might not be needed. ("If AstraZeneca does not plan to rely on testimony

Hon. Tonianne J. Bongiovanni, U.S.M.J
October 3, 2012
Page 4

from Lindberg and Kohl in support of its claims, we will consider not proceeding with their depositions" (Rathinam August 29, 2012 letter to Rothman, Exhibit 4)).

Finally, Hanmi asserts that AstraZeneca backtracked from its agreement to produce party witnesses.  Hanmi's Motion at 2.  AstraZeneca agreed to produce "party employee witnesses" for deposition in the United States and AstraZeneca will honor that agreement.  However, Mr. Lindberg is not now an AstraZeneca employee and Mr. Kohl never was employed by AstraZeneca.

In the end, Hanmi urges "fundamental principles" to justify reneging on its agreement.   However, fundamental principles require introduction of those depositions, not their preclusion.  First, Hanmi asserts that the subject matter of the depositions is central to the non-unique issues of Hanmi's case ("Mr. Kohl's testimony is highly prejudicial to Hanmi's case.").  But important testimony should not be precluded simply because one party does not like the testimony and has changed its mind with regard to its agreement on admissibility.   Secondly, the depositions were taken under oath and attended by other generic companies with motives similar to those of Hanmi—i.e., seeking to invalidate the patents-in-suit. *See* Federal Rule of Evidence 804(b)(1); (*Lloyd v. American Export Lines, Inc.*, 580 F.2d 1179, 1187 (3rd Cir. 1978) (reversing trial court and holding "if it appears that in the former suit a party having a like motive to cross-examine about the same matters as the present party would have, was accorded an adequate opportunity for such examination, the testimony may be received against the present party");  *see also Gullo Produce Co., Inc., v. A.C. Jordan Produce Co., Inc.,* Civ A. No. 90-652, 1991 WL 330837, *3-*4 (W.D. Pa. Oct 29, 1991) (depositions are not precluded by hearsay rule pursuant to Rule 804(b)(1) when an individual or entity shares with another a sufficient community of interests), Exhibit 5; Federal Rule of Evidence 807.  Fundamental principles do not require that Hanmi be given the opportunity to ask the same questions and get the same answers, before the depositions may be used.

*        *        *

Hon. Tonianne J. Bongiovanni, U.S.M.J
October 3, 2012
Page 5


The parties negotiated a stipulated order that was entered by the Court.  Hanmi now wants to renege on its agreement, and over time, has asserted varying theories and interpretations of the Stipulated Order.  None of these is sufficient to overcome the unambiguous agreement embodied in that order.  Hanmi's Motion should be denied.

Respectfully submitted,

s/John E. Flaherty

John E. Flaherty

cc:  Counsel of record (via email)

Enclosures