

**LITE DEPALMA GREENBERG, LLC**

Newark • Chicago • Philadelphia

TWO GATEWAY CENTER, SUITE 1201
NEWARK, NJ 07102

TEL: 973.623.3000
FAX: 973.623.0858
www.litedepalma.com

October 5, 2012

**VIA ECF**

Honorable Tonianne J. Bongiovanni, U.S.M.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

> Re: *AstraZeneca AB, et al. v. Hanmi USA, Inc., et al.*
> Civil Action No. 11-cv-0760 (JAP)(TJB)

Dear Judge Bongiovanni:

     We write briefly in reply to the October 3, 2012 letter of AstraZeneca (D.I. 236) in response to Hanmi's September 25, 2012 letter motion (D.I. 235) concerning the depositions of Per Lindberg and Bernhard Kohl.

     AstraZeneca relies on Rule 32(a)(1)(B) of the Federal Rules of Civil Procedure to justify the use of the depositions of Messrs. Lindberg and Kohl at trial pursuant to the July 22, 2012 Stipulation and Order (D.I. 235, Exhibit C). Rule 32, however, explicitly employs the use of "and" with respect to the (A), (B) and (C) subparts of the rule, and AstraZeneca continues to ignore the critical requirement under Rule 32(a)(1)(A) that the objecting party "was present or represented at the deposition or had reasonable notice of it." (*See also* D.I. 235, Ex. I.) Here, the previous depositions of Messrs. Lindberg and Kohl were taken in 2008 and 2009 – years before this lawsuit was filed. Hanmi thus did not have reasonable notice of or attend the depositions. AstraZeneca's intended use of the previous depositions of Messrs. Lindberg and Kohl therefore does not satisfy Rule 32(a)(1).

     Moreover, the cases cited by AstraZeneca – *Lloyd* and *Gullo* – focused on Federal Rule of Evidence 804(b)(1), not Rule 32 of the Federal Rules of Civil Procedure, in finding that previous deposition testimony was admissible when a previous party had "like motive" to develop testimony "about the same material facts." *Gullo Produce Co. v. A.C. Jordan Produce Co.*, 1991 WL 330837, *3 (W.D. Pa. Oct. 29, 1991) (quoting *Lloyd v. American Export Lines*, 580 F.2d 1179, 1187 (3d Cir. 1978)). Using this rule, the court in *Gullo*, for example, found that the corporate defendant was the predecessor in interest to the president and majority shareholder and the bookkeeper of that corporation, and permitted their depositions under Rule 804(b)(1). 1991 WL 330837 at *4. That situation stands in stark contrast to the situation here, in which AstraZeneca apparently seeks to use at trial deposition testimony given years ago in other cases,

241463 v1



Honorable Tonianne J. Bongiovanni, U.S.M.J.
October 5, 2012
Page 2

involving other defendants having no relation to Hanmi and concerning esomeprazole salts different than those accused of infringement by AstraZeneca in this case. This case therefore presents different material facts, and the defendants in those previous cases – Ranbaxy, Dr. Reddy's Laboratories and Teva – cannot be presumed to have had the same motives with respect to the testimony of Messrs. Lindberg and Kohl, particularly when like the salts at issue, the present invalidity defenses and the claim constructions are unique. The absence of those unique issues from the Ranbaxy, Dr. Reddy's and Teva cases necessarily impacts the nature of these witnesses' prior testimony and the weight of that testimony in this case.

Finally, while Hanmi did not understand the agreement regarding production of AstraZeneca witnesses to be so narrow, AstraZeneca at least admits that it "agreed to produce 'party employee witnesses' for deposition in the United States and AstraZeneca will honor that agreement." (D.I. 236, October 3 letter at 4.) Mr. Lindberg was an AstraZeneca employee at the time of the previous depositions, but AstraZeneca concealed from Hanmi until after the July 24 Stipulation and Order that Mr. Lindberg – the first-listed inventor on both the '504 and '192 patents – had retired on February 28, 2012 (D.I. 236; D.I. 235, Ex. E, G) – four months before AstraZeneca sought Hanmi's agreement on the present disputed stipulation. (*See* D.I. 236-1.) That material non-disclosure at a minimum vitiates the July 24 Stipulation and Order and warrants the requested relief as to Mr. Lindberg.

In conclusion, and as stated in the Hanmi's letters of June 8, August 29, September 4 and September 6, 2012 (*see* D.I. 235, Exhibits A, D, F and H; D.I. 232), nothing in the parties' correspondence or the July 24 Stipulation and Order abrogates Hanmi's rights under Rule 32 to cross-examination. AstraZeneca's attempt to read the July 24 Stipulation and Order so as to dispense with the right to cross examine AstraZeneca's witnesses renders the Stipulation and Order ambiguous at best, and in these circumstances should not be construed against Hanmi in the prejudicial manner urged by AstraZeneca. Despite the dispute over the July 24 Stipulation and Order, Hanmi is willing to agree to the use of the subject depositions of Messrs. Lindberg and Kohl in the previous cases if AstraZeneca makes Messrs. Lindberg and Kohl available for deposition. Otherwise, Hanmi requests that the July 24 Stipulation and Order be vacated for the reasons set forth in Hamni's September 25 letter motion.

Respectfully,

*Mayra V. Tarantino*

Mayra V. Tarantino

MVT:emp

cc: Counsel of Record (via ECF)