**LITE DEPALMA GREENBERG, LLC**
Allyn Z. Lite
Michael E. Patunas
Mayra V. Tarantino
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 877-3872
alite@litedepalma.com
mpatunas@litedepalma.com
mtarantino@litedepalma.com

*Attorneys for Defendants Hanmi USA, Inc.,
Hanmi Pharmaceutical Co., Ltd.,
Hanmi Fine Chemical Co., Ltd., and Hanmi
Holdings Co., Ltd.*

**IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, KBI INC., and KBI-E INC., <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> HANMI USA, INC., HANMI PHARMACEUTICAL CO., LTD., HANMI FINE CHEMICAL CO., LTD, and HANMI HOLDINGS CO., LTD., <br><br> Defendants and Counterclaim Plaintiffs. | : | Civil Action No. 3:11-CV-00760-JAP-TJB |

**HANMI'S OPPOSITION TO ASTRAZENECA'S MOTION
FOR RECONSIDERATION OF CLAIM CONSTRUCTION**

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. LEGAL STANDARD..............................................................................................................2

III. ARGUMENT............................................................................................................................3

    A. The Rambus Case is Not "Controlling"......................................................................3

    B. The Intrinsic Evidence Confirms the Court's Claim Construction..........................4

    C. The Presumption of Claim Differentiation was Overcome ......................................6

    D. Second Bites at the Apple are Against Public Policy ................................................8

IV. CONCLUSION........................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Bowers v. Nat'l Collegiate Athletic Assoc.*, 130 F. Supp. 2d 610 (D.N.J. 2001) ............................ 2

*Carmichael v. Everson,* 2004 U.S. Dist. LEXIS 11742 (D.N.J. May 21, 2004) ............................ 2

*Dunn v. Reed Group,* 2010 U.S. Dist. LEXIS 2438 (D.N.J. Jan. 13, 2010) ................................... 2

*Kraft Foods,Inc. v. Int'l Trading Co.*, 203 F.3d 1362 (Fed. Cir. 2000) ........................................... 7

*Krishanthi v. Rajaratnam,* 2011 U.S. Dist. LEXIS 53470 (D.N.J. May 18, 2011) ........................ 2

*Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533 (Fed. Cir. 1991) ............................................... 6, 7

*Liebel-Flarsheim v. Medrad, Inc.,* 358 F.3d 898 (Fed. Cir. 2004) .................................................. 6

*McLaurin v. East Jordan Iron Works, Inc.*, 666 F. Supp. 2d 590 (E.D.N.C. 2009) ....................... 8

*N.V.E. v. Palmeroni,* 2012 U.S. Dist. LEXIS 78215 (D.N.J. June 5, 2012) ................................... 2

*Official Comm. Of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147 (2d. Cir. 2003) ........................................................................................................ 7

*Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.,* 744 F. Supp. 1311 (D.N.J. 1990) .............. 2

*Panna v. Firstrust Sav. Bank*, 760 F. Supp. 432 (D.N.J. 1991) ...................................................... 2

*Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) ............................................................ 5, 7

*Seachange Int'l, Inc. v. C-COR, Inc.,* 413 F.3d 1361 (Fed. Cir. 2005) .......................................... 6

Defendants Hanmi USA, Inc., Hanmi Pharmaceutical Co., Ltd., Hanmi Fine Chemical Co., Ltd. and Hanmi Holdings Co., Ltd. (collectively "Hanmi") respectfully submit this brief in opposition to plaintiffs AstraZeneca AB, Aktiebolaget Hässle, AstraZeneca LP, KBI Inc. and KBI-E Inc. (collectively "AstraZeneca") Motion for Reconsideration of Claim Construction, filed December 21, 2012 (D.I. 260).

### I.   INTRODUCTION

The meaning of the term "alkaline salt" as used in the '504 patent has been extensively briefed, thoroughly discussed in AstraZeneca's expert reports and argued at length before this Court at the May 16, 2012 *Markman* hearing. The Court adopted Hanmi's proposed construction, citing the intrinsic evidence and addressing AstraZeneca's respective arguments.

AstraZeneca's present motion for reconsideration is premised solely on its disagreement with the Court's conclusions, and is entirely improper. Requests for reconsideration are governed by Local Rule 7.1, requiring a showing of a matter or controlling decision of law which the party believes was overlooked by the Court. AstraZeneca's motion must fail because it has not cited to a single controlling decision or other matter that was not already contended, briefed, responded to, replied to, argued, opposed and considered by the Court. AstraZeneca does not allege an intervening change in controlling law or present newly-discovered evidence that was previously unavailable. Indeed, AstraZeneca's entire brief consists of arguments from its prior submissions, evidence that the Court considered in rendering its claim constructions, and cases and other materials that were available before briefing closed and the conclusion of oral argument. AstraZeneca's effort to obtain reconsideration of the Court's claim construction ruling consists of repackaging facts, authorities and arguments from its previous briefs, is little more than backtracking without basis, and should not be countenanced.

## II.   LEGAL STANDARD

Local Rule 7.1(i) requires that a party moving for reconsideration set forth the matter or controlling decisions which the party believes the court has *overlooked*.  Reconsideration requires more than a showing of disagreement with the court's decision.  *Panna v. Firstrust Sav. Bank*, 760 F. Supp. 432, 435 (D.N.J. 1991).  A party seeking reconsideration fails to meet its burden if it merely presents "a recapitulation of the cases and arguments considered by the Court before rendering its original decision." *Dunn v. Reed Group,* 2010 U.S. Dist. LEXIS 2438 at *4-*5 (D.N.J. Jan. 13, 2010) (citations omitted).  A court will only grant such a motion if the matters overlooked might reasonably have resulted in a different conclusion.  *Bowers v. Nat'l Collegiate Athletic Assoc.*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001), and it is improper on a motion for reconsideration to "ask the Court to rethink what it ha[s] already thought through -- rightly or wrongly." *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.,* 744 F. Supp. 1311, 1314 (D.N.J. 1990) (citations omitted).  Only three grounds permit reconsideration: (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson,* 2004 U.S. Dist. LEXIS 11742 at *2-*3 (D.N.J. May 21, 2004) (citations omitted).  Motions for reconsideration are not vehicles for re-argument.  *N.V.E. v. Palmeroni,* 2012 U.S. Dist. LEXIS 78215 (D.N.J. June 5, 2012).  "[A] motion for reconsideration is not an appeal . . . . [R]econsideration is inappropriate where the motion merely raises a party's disagreement with the Court's decision or seeks to rehash arguments already raised and rejected." *Krishanthi v. Rajaratnam,* 2011 U.S. Dist. LEXIS 53470 at *6-*7 (D.N.J. May 18, 2011).

### III. ARGUMENT

AstraZeneca's motion seeks reconsideration of the Court's claim construction order based upon the *Rambus* case, the intrinsic evidence of the '504 patent (including its prosecution history), and the doctrine of claim differentiation. None of its arguments meet the standard for reconsideration under Local Rule 7.1, and none warrant the serious attention of this Court.

#### A. The *Rambus* Case is Not "Controlling"

First, AstraZeneca's Motion charges the Court with having overlooked and having failed to apply *Rambus Inc. v. Infineon Technologies*, 318 F.3d 1081, 1094-95 (Fed. Cir. 2003), stating that "the Court did not cite *Rambus* or appear to follow that decision in construing the term in question." (D.I. 260-1, p. 7).

It is wholly irrelevant that the Court did not cite the *Rambus* case in its decision regarding "alkaline salt." The Court did not cite to at least 10 other cases AstraZeneca mentioned in its briefs regarding "alkaline salts" either, nor was it required to do so. But that does not mean anything was "overlooked."[1] The Court squarely addressed the basic legal principles set forth in the *Rambus* case as argued by AstraZeneca (D.I. 176, p. 5; D.I. 260-1, pp. 3-7) in its discussion of the role of intrinsic evidence in the interpretation of claim terms (D.I. 257, p. 4), and the Court acknowledged the proscriptions against importing limitations from the specification into the claims. *Id.*

---

[1] It is telling that AstraZeneca makes much of the *Rambus* case in the present Motion, while in the briefs, *Rambus* was relegated to a single mention in a string cite in the Reply brief on a single page, without even a parenthetical explanation of its "controlling" nature. (D.I. 176, p. 5). Nor did AstraZeneca ever mention the *Rambus* case during the *Markman* hearing. Moreover, AstraZeneca cited the *Rambus* case for the unremarkable and well-known proposition that claims are not generally limited to embodiments referred to in the specification unless the rest of the intrinsic evidence is consistent with such a reading. (D.I. 176, p. 5).

AstraZeneca urges that *Rambus* requires that claims not be restricted by "a couple of potentially limiting statements in the specification." (D.I. 260-1, p. 7). On the merits, AstraZeneca overstates *Rambus*, and thus, its "controlling" nature. The court in *Rambus* specifically found that neither the claims nor the specification of the patent-in-suit compelled a definition of "bus" that was different from its ordinary meaning. *Rambus* at 1094-95. In contrast, the Court here specifically found that "the patentee has given a definition to 'alkaline salts' which governs construction of this term." (D.I. 257, p. 6). *Rambus* isn't controlling. It is inapplicable because it is based on a finding that <u>no express definition</u> was provided in the specification, and the present Order was based on a finding that a definition <u>was expressly provided</u> in the specification.

### B.     The Intrinsic Evidence Confirms the Court's Claim Construction

Second, AstraZeneca's Motion charges the Court with having overlooked or misapprehended the prosecution history of the '504 patent in reaching its construction. Yet, the prosecution history was extensively briefed and argued before the Court. The whole of the intrinsic evidence record here undoubtedly confirms the construction reached by the Court for all of the reasons provided in the Court's Opinion as well as those presented in Hanmi's *Markman* briefing and at the *Markman* hearing.

AstraZeneca's repeated statements in the '504 patent specification regarding the six species disclosed as "alkaline salts" were considered by the Court (D.I. 257, pp. 7-8; *see also* D.I. 132, pp. 2-4; D.I. 174, pp. 1-5), and determined to be an express definition of the term that overcame any presumption that the plain and ordinary meaning should control. (D.I. 257, p. 6). Unable to raise any *new* arguments in its Motion for Reconsideration, AstraZeneca argues that "the court appears to have placed undue reliance on language of the specification" in construing

the term "alkaline salt" (D.I. 260-1, p. 10), an odd position to take based upon its opening *Markman* brief, wherein AstraZeneca stated that the patent specification "can be 'the single best guide to the meaning of a disputed claim term', due to its statutory role to 'describe the claimed invention in 'full, clear, concise and exact terms.''" (D.I. 133, p. 9, citing *Phillips* at 1316). Having represented that a patent specification is the single best guide to the meaning of the claim term, AstraZeneca should not now be heard to argue that the Court placed undue reliance upon it. In any case, as the Court found here based on the *Markman* record and numerous authorities, an express definition in the specification trumps all other evidence.

Beyond the specification, AstraZeneca again argues the '504 prosecution history compels its proposed construction. Yet AstraZeneca presents the same arguments already briefed and argued before the Court (*see* D.I. 133 (AZ's Opening *Markman* Brief), p. 10; D.I. 200 (AZ's Responsive *Markman* Brief), pp. 7-8), and offers nothing new.[2] (D.I. 260-1, pp. 8-10).

The *Rambus* case does not require "reconciliation" between the '504 specification and the prosecution history. (D.I. 260-1, p. 10). As stated above, the *Rambus* case is not even relevant because it was based upon a finding that an express definition was not provided in the specification, whereas here the Court concluded an express definition plainly was provided.

Most inappropriate is AstraZeneca's statement that this Court failed to consider the '504 patent prosecution history in issuing its ruling. (D.I. 260-1, pp. 8-9). The Court cited the

---

[2] In response, Hanmi has already explained that AstraZeneca ignores: (1) the fact that the only salts disclosed in the application beyond the $Na^+$ and $Mg^{2+}$ salts are the $Li^+$, $K^+$, $Ca^{2+}$ and $N^+(R)_4$ salts, (2) the Examiner's statement that the scope of the claim would depend on the data submitted (and the fact that applicants submitted data on only the $Na^+$ and $Mg^{2+}$ salts), (3) the express definitions contained in the '504 specification and (4) the overall absence of any support whatsoever in the patent documents for any salt in addition to the six salts that AstraZeneca repeatedly characterized as "the invention" of the '504 patent.

applicable law concerning the role of the prosecution history in claim construction analysis (D.I. 257, p. 4), and the parties briefed the prosecution history in detail (D.I. 132, p. 5; D.I. 133, p. 10; D.I. 176, p. 7). Experts opined on the prosecution history (D.I. 208, p. 7; D.I. 132-2, pp. 6-8; D.I. ) and this Court heard oral argument on the very portions of the prosecution AstraZeneca reargues in its reconsideration paper (May 16, 2012 *Markman* Hearing Tr., pp. 13-15, 19-20, 32-36). AstraZeneca's statement that the Court "appears not to have considered (or given necessary weight to) the patent prosecution history" is plainly incorrect. (D.I. 260-1, p. 8). The sole basis of AstraZeneca's argument seems to be that the prosecution was not specifically cited with respect to "alkaline salt" in the Court's Opinion, which of course the Court is not required to do.[3]

### C. The Presumption of Claim Differentiation was Overcome

The Court specifically addressed AstraZeneca's claim differentiation argument, and found that the presumption had been overcome. (D.I. 257, p. 7).

Nevertheless, AstraZeneca challenges the Court's ruling based on claim differentiation alleging that (1) the cases relied upon by the court are inapposite, and (2) the Court's ruling is inconsistent with the intrinsic evidence. Neither argument has merit.

*Seachange* and *Laitram* were cited for general propositions of law relating to the presumption of claim differentiation not being a hard and fast rule, and instances when the presumption may be overcome. (D.I. 257, p. 7). The Court neither misapprehended nor misapplied the cases. The facts of each case are irrelevant to the legal principles for which they were cited, and AstraZeneca has not refuted the legal principles for which each was cited.

---

[3] The Court does not refer to the prosecution history in its construction of any of the other claim terms, either. AstraZeneca is silent about those terms, presumably because its construction was adopted.

That the *Seachange* case involved two independent claims does not make its holding and the well-settled principles of claim differentiation discussed therein inapposite as urged by AstraZeneca. *Seachange* indeed acknowledged that the doctrine of claim differentiation is its strongest when where the claims at issue are related by dependency. *See Seachange Int'l, Inc. v. C-COR, Inc.,* 413 F.3d 1361, 1368-69 (Fed. Cir. 2005); s*ee also Liebel-Flarsheim v. Medrad, Inc.,* 358 F.3d 898 (Fed. Cir. 2004). The Court was therefore well aware of the strength of the presumption when dependent claims were involved, but considered the presumption overcome in light of the strong evidence presented here. Indeed, the Court cited *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) and specifically recognized the exact relationship that is present here -- dependent and independent claims. *Id*. Following its citation of *Phillips*, the Court specifically contrasted independent claim 1 and dependent claim 3 of the '504 patent in conducting its analysis and concluded that the presumption of claim differentiation had been overcome. (D.I. 257, p. 7).

Like the *Seachange* case, the *Laitram* case was cited for the settled proposition that "[c]laim differentiation is a guide, not a rigid rule." *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1538 (Fed. Cir. 1991). AstraZeneca does not dispute that principle of law, and so its arguments that the Court misapprehended the applicability of the *Laitram* case are ill-founded. Indeed, Hanmi cited the *Laitram* case in its responsive *Markman* brief (D.I. 174, p. 6) for the *exact same* legal proposition, but AstraZeneca declined to address *Laitram* in its third *Markman* brief (AstraZeneca's reply brief) (D.I. 207). Its decision to challenge the Court's reliance upon the *Laitram* case in the present motion for reconsideration, when it chose not to address that case in its reply brief, transparently signals its lack of conviction that the Court misapplied the *Laitram* case.

7

**D.  Second Bites at the Apple are Against Public Policy**

Public policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing questions that have already been decided.  *Official Comm. Of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d. Cir. 2003) ("Where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.").  Indeed, motions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court or new legal theories not argued before the ruling.  *McLaurin v. East Jordan Iron Works, Inc.*, 666 F. Supp. 2d 590, 596 (E.D.N.C. 2009) (denying motion for reconsideration).  AstraZeneca has already taken its best shot on the meaning of "alkaline salt," and its rehashed arguments and new theories should be rejected.

**IV.  CONCLUSION**

For the reasons stated above, Hanmi respectfully requests that the Court deny Plaintiffs' Motion for Reconsideration of Claim Construction.


Dated:  January 8, 2013                             **LITE DEPALMA GREENBERG, LLC**

                                                    *s/Mayra V. Tarantino*
                                                    Allyn Z. Lite
                                                    Michael E. Patunas
                                                    Mayra V. Tarantino
                                                    Two Gateway Center, 12th Floor
                                                    Newark, New Jersey 07102
                                                    Telephone:  (973) 623-3000
                                                    Facsimile:  (973) 877-3872
                                                    alite@litedepalma.com
                                                    mpatunas@litedepalma.com
                                                    mtarantino@litedepalma.com

*Of Counsel:*

**SUGHRUE MION, PLLC**
Mark Boland
Michael R. Dzwonczyk
Renita S. Rathinam
2100 Pennsylvania Ave., NW
Washington, DC 20037-3213
Telephone: (202) 293-7060
Facsimile: (202) 293-7860
mboland@sughrue.com
mdzwoncyzk@sughrue.com
rrathinam@sughrue.com

**SUGHRUE MION, PLLC**
John B. Scherling
4250 Executive Square
Suite 900
La Jolla, CA 92037
Telephone: (858) 795-1180
Facsimile: (858) 795-1199
jscherling@sughrue.com

*Attorneys for Defendants and Counterclaim-Plaintiffs, Hanmi USA, Inc., Hanmi Pharmaceutical Co., Ltd., Hanmi Fine Chemical Co., Ltd., and Hanmi Holdings Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2013, I caused a copy of the foregoing **HANMI'S OPPOSITION TO ASTRAZENECA'S MOTION FOR RECONSIDERATION OF CLAIM CONSTRUCTION** to be served upon the following counsel by ECF and electronic mail:

John E. Flaherty, Esq.
Jonathan M. H. Short
McCARTER & ENGLISH
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
JFlaherty@mccarter.com
JShort@mccarter.com

Henry J. Renk, Esq.
Bruce C. Haas
Colleen Tracy
Joshua I. Rothman
FITZPATRICK, CELLA,
HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2250
HRenk@fchs.com
BHaas@fchs.com
CTracy@fchs.com
JRothman@fchs.com

Errol B. Taylor, Esq.
Fredrick M. Zullow
MILBANK, TWEED, HADLEY &
McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005-1413
(212) 530-5000
ETaylor@milbank.com
FZullow@milbank.com

Einar Stole, Esq.
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
(202) 662-6000
EStole@cov.com

*s/Mayra V. Tarantino*
Mayra V. Tarantino