UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
:
ASTRAZENECA AB, et al.                  :
:
:
:
         Plaintiffs,                    :     Civil Action No. 11-760 (JAP)
:
v.                                      :
:     **OPINION**
HANMI USA, INC., et al.                 :
:
:
:
         Defendants.                    :
_____:

PISANO, District Judge.

     This is a patent infringement action brought by Plaintiffs AstraZeneca AB, Aktiebolaget Hässle, AstraZeneca LP, KBI Inc. and KBI-E Inc. (collectively, "Astra" or "Plaintiffs") against defendants Hanmi, Inc., Hanmi Pharmaceutical Co., Ltd., Hanmi Fine Chemical Co., Ltd. and Hanmi Holdings Co., Ltd. (collectively, "Hanmi" or "Defendants"). On December 12, 2012, this Court entered its *Markman* decision construing a number of disputed claim terms in the asserted patents. Presently before the Court is a motion by Plaintiffs asking the Court to reconsider its construction of one of those claim terms. Specifically, Plaintiffs have moved for reconsideration of the Court's construction of the term "alkaline salt" in claim 1 of U.S. Patent No. 5,714,504 ("the '504 patent"), which the Court construed to be limited to the six specific salt species recited in the specification.

     Local Civil Rule 7.1(i) governs motions for reconsideration and requires the moving party to "set[ ] forth concisely the matter or controlling decisions which the party believes the

Judge or Magistrate Judge has overlooked[.]" L. Civ. R. 7.1(i).  The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision."  *G–69 v. Degnan*, 748 F.Supp. 274, 275 (D.N.J. 1990).  The Third Circuit has made clear that motions for reconsideration should only be granted in three situations: (1) when an intervening change in controlling law has occurred; (2) when new evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice.  *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  Importantly, motions for reconsideration are "not a substitute for the appellate process," nor are they "an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers."  *Bowers v. NCAA*, 130 F.Supp.2d 610, 613 (D.N.J. 2001).  "Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'"  *NL Indus. v. Commercial Union Ins. Co.*, 935 F.Supp. 513, 516 (D.N.J. 1996) (quoting *Maldonado v. Lucca*, 636 F.Supp. 621, 630 (D.N.J. 1986)).

     Astra bases its motion on two grounds.  First, it alleges that the Court "overlooked" the Federal Circuit's "controlling" decision in *Rambus Inc. v. Infineon Technologies*, 318 F.3d 1081, 1094-95 (Fed. Cir.  2003).  As Defendants point out, *Rambus* stands for the proposition that claims are generally not limited to the embodiments referred to in the specification unless the rest of the intrinsic evidence is consistent with that reading.   It was as support for that unremarkable proposition that *Rambus* made its sole appearance in Astra's claim construction submissions -- as part of a string cite in Astra's responsive brief.  Astra made no mention of *Rambus* in its opening brief or at oral argument.

In its argument on this motion, the Court finds Plaintiffs to be overstating the controlling nature of *Rambus*. Further, while the Court did not specifically cite *Rambus*, it certainly considered and addressed the basic legal principles involved in the case. Astra's efforts here seem to be an attempt to reargue and expand upon points it previously made during the claim construction process and which have already been considered by the Court.

Second, Astra's contends that the Court, in finding that the presumption of claim differentiation had been overcome in construing the term "alkaline salts," placed "undue reliance on the language of the specification" and relied upon "inapposite" precedent. Here again, however, Astra is in essence attempting to reargue and expand upon points previously addressed by the parties and considered by the Court. That is not appropriate on a motion for reconsideration.

In sum, the Court finds the standards for granting the extraordinary remedy of reconsideration have not been met and, consequently, denies Astra's motion. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
Joel A. Pisano, U.S.D.J.

Dated:  March 25, 2013

3