**LITE DEPALMA GREENBERG, LLC**
Allyn Z. Lite
Mayra V. Tarantino
Two Gateway Center, Suite 1201
Newark, NJ 07102
(973) 623-3000
alite@litedepalma.com
mtarantino@litedepalma.com

*Attorneys for Defendants and Counterclaim-Plaintiffs Hanmi USA, Inc., Hanmi Pharmaceutical Co., Ltd., Hanmi Fine Chemical Co., Ltd. and Hanmi Holdings Co., Ltd.*

## IN THE UNITED STATES DISTRICT COURT
## THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, KBI INC., and KBI-E INC., <br>           Plaintiffs and <br>           Counterclaim Defendants, <br><br>      v. <br><br> HANMI USA, INC., HANMI PHARMACEUTICAL CO., LTD., HANMI FINE CHEMICAL CO., LTD, and HANMI HOLDINGS CO., LTD., <br><br>           Defendants and <br>           Counterclaim Plaintiffs. | Civil Action No. 11-760 (JAP)(TJB) |

**Hanmi's Motion *in Limine* No. 1**
**(To Preclude Testimony of Judi Weissinger and**
**Motion to Strike Weissinger Report)**

Hanmi hereby moves *in limine* to preclude the alleged testimony of Judi Weissinger and to strike her expert report served on April 25, 2013.  Ms. Weissinger was among the witnesses identified on AstraZeneca's witness list on April 19, 2013.  On April 25, 2013, AstraZeneca served an expert report of Ms. Weissinger, which offers purported opinions never previously disclosed to Hanmi.

Pursuant to the Court's February 8, 2013 Order, the parties' opening expert reports were due February 19, 2013, rebuttal reports were due March 25, 2013, reply reports were due April 8, 2013 (D.I. 272).  Despite knowing that it might seek testimony from Ms. Weissinger many months ago (*see, e.g.*, Ex. 1, AstraZeneca's Responses and Objections to Hanmi's First set of Interrogatories, dated November 30, 2012, at pp. 41-42), AstraZeneca elected not to provide an expert report from Ms. Weissinger according to the operative case schedule.  Instead, belatedly and without notice or explanation to Hanmi and without seeking permission from the Court to serve a late report, AstraZeneca simply emailed a report to Hanmi's counsel on April 25, 2013 – over two months after opening expert reports were due, a month after rebuttal reports were due and six days after the close of expert discovery per the Court's February 8, 2013 Order (D.I. 272).

The Federal Rules of Civil Procedure specify the consequence for such failure to timely disclose:  "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, ***unless the failure was substantially justified or is harmless.***"  Fed. R. Civ. P. 37(c)(1) (emphasis added); *see Allen v. Parkland School Dist.*, 230 Fed. Appx. 189, 195 (3d Cir. 2007) (affirming grant of motion in limine to exclude expert testimony disclosed after

1

scheduling order deadline); *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719-20 (3d Cir.

1997) (affirming exclusion of expert testimony disclosed after scheduling order deadline);

*Roberts v. U.S. Postal Service*, 2012 U.S. Dist. LEXIS 86762, *9-18 (D.N.J. June 22, 2012)

(granting motion to strike expert witnesses disclosed after scheduling order deadline); *Bouder v.

Prudential Financial, Inc.*, 2010 U.S. Dist. LEXIS 51599, *23-29 (D.N.J. May 21, 2010)

(granting motion to late-disclosed expert report and to preclude expert testimony); *Pfizer, Inc. v.

IVAX Pharms., Inc.*, 2009 U.S. Dist. LEXIS 54910, *8-15 (D.N.J. June 29, 2009) (denying

motion for leave five weeks before trial date to permit testimony of expert).

 Here, the Court should preclude Ms. Weissinger's testimony at trial.  Regardless of her

qualifications or expertise, "trial by ambush" should not be countenanced.  Expert discovery is

largely complete, trial is scheduled to commence on May 21, 2013 and counsel are involved in

intensive pretrial preparations.  To permit the disclosure of an additional expert witness for trial

well beyond the dates ordered by the Court and only weeks before the commencement of trial

undermines the integrity of the judicial process, and would severely prejudice Hanmi.  *See, e.g.*,

*Konstantopoulos*, 112 F.3d at 721 ("Konstantopoulos would have gained a valuable tactical

advantage by requiring Westvaco to focus its litigation resources on these efforts in the last days

before trial.").  AstraZeneca cannot show that its belated disclosure of Ms. Weissinger is

substantially justified or harmless – a burden which AstraZeneca has ignored and not even

attempted to meet.  And, fundamentally, AstraZeneca cannot meet its burden, particularly given

that in its November 2012 interrogatory responses it cited previous testimony of Ms. Weissinger

in other proceedings (Ex. 1 at pp. 41-42) and, accordingly, knew that it might seek testimony

from Ms. Weissinger at least five months ago.  Although explicit findings of bad faith are not

2

required to exclude untimely expert disclosures (*see, e.g.*, *Roberts*, 2012 U.S. Dist. LEXIS 86762 at *17), "violations of scheduling orders coupled with unsatisfactory explanations 'may be characterized fairly as a willful and bad faith breach.'"  *See Pfizer*, 2009 U.S. Dist. LEXIS 54910 at *16 n.12 (quoting *Exxon Corp. v. Halcon*, 156 F.R.D. 589, 592 (D.N.J. 1994)).

A party cannot blatantly ignore the case deadlines, belatedly serve expert reports, not seek permission from the Court, and then at the last minute after the close of expert discovery simply serve a new expert witness report and expect to adduce the expert's testimony at trial. Even if the parties are able to arrange the deposition of such a witness, to permit these tactics on the eve of trial would be contrary to and violate the Federal Rules of Civil Procedure and this Court's scheduling orders, create uncertainty in the proceedings and cause undue prejudice to Hanmi in what is designed to be an orderly and fair pretrial process.  *See, e.g.*, *Roberts*, 2012 U.S. Dist. LEXIS 86762 at *16 ("Parties are entitled to some certainty as they prepare for trial, and if "newly designated experts . . . [are] permitted . . . without limitation, the need for discovery could be endless.") (quoting *Exxon*, 156 F.R.D. at 591).

Ms. Weissinger's untimely report should be stricken and her testimony at trial precluded for at least the reasons stated above.


Dated:  April 29, 2013                    **LITE DEPALMA GREENBERG, LLC**


                                         *s/Mayra V. Tarantino*
                                         Allyn Z. Lite
                                         Mayra V. Tarantino
                                         Two Gateway Center, Suite 1201
                                         Newark, NJ 07102
                                         (973) 623-3000
                                         alite@litedepalma.com

3

mtarantino@litedepalma.com

**SUGHRUE MION, PLLC**
Mark Boland
Michael R. Dzwonczyk
Renita S. Rathinam
2100 Pennsylvania Ave., NW
Washington, DC 20037-3213
(202) 293-7060
mboland@sughrue.com
mdzwoncyzk@sughrue.com
rrathinam@sughrue.com

John B. Scherling
4250 Executive Square
Suite 900
La Jolla, CA 92037
(858) 795-1180
jscherling@sughrue.com

*Attorneys for Defendants and Counterclaim-*
*Plaintiffs Hanmi USA, Inc., Hanmi Pharmaceutical*
*Co., Ltd., Hanmi Fine Chemical Co., Ltd. and*
*Hanmi Holdings Co., Ltd.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2013, I caused a copy of the foregoing **Hanmi's Motion**

*in Limine* **No. 1 (To Preclude Testimony of Judi Weissinger and Motion to Strike**

**Weissinger Report)** to be served upon the following counsel by electronic mail:

John E. Flaherty, Esq.
Jonathan M. H. Short
McCARTER & ENGLISH
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
JFlaherty@mccarter.com
JShort@mccarter.com

Henry J. Renk
Bruce C. Haas
Colleen Tracy
Joshua I. Rothman
FITZPATRICK, CELLA,
HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2250
HRenk@fchs.com
BHaas@fchs.com
CTracy@fchs.com
JRothman@fchs.com

Einar Stole
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
(202) 662-6000
EStole@cov.com

*s/Mayra V. Tarantino*
Mayra V. Tarantino